

**ORIGINAL**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 1 9 2006

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| CLAUDIA GARCIA | |
| | Plaintiff, |
| -against- | |
| BOYAR & MILLER, P.C.; CAFÈ EXPRESS, LLC; WENDY'S INTERNATIONAL, INC.; AUGUSTA FOODS, LLC; JAY WILLIAM BOYAR; DAVID M. BOND; GARY W. MILLER; TIMOTHY J. HEINRICH; STEVEN D. KESTEN; STEPHEN L. JOHNSON; TRENT L. ROSENTHAL; LEE A. COLLINS; CHRIS HANSLICK; E. MICHELLE BOHREER; and BAKER, DONELSON, BEARMAN, CALDWELL & BEARKOWITZ, P.C. | |
| | Defendant. |

CIVIL ACTION NO. _____ 5203

**3-06CV1936-D**

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446 Defendants Wendy's International, Inc. ("Wendy's") and Café Express LLC ("Café Express," together with Wendy's, "Removing Defendants"), without waiving any defenses, respectfully submit this Notice of Removal of an action from the 191st District Court of Dallas County, Texas, styled Cause No. 06-09749-J, *Claudia Garcia, Plaintiff v. Boyar & Miller, PC; Café Express, LLC; Wendy's International, Inc.; Augusta Foods, LLC; Jay William Boyar; David M. Bond; Gary W. Miller; Timothy J. Heinrich; Steven D. Kesten; Stephen L. Johnson; Trent L. Rosenthal; Lee A. Collins; Chris Hanslick; E. Michelle Bohreer; and Baker, Donelson, Bearman, Caldwell & Bearkowitz, P.C.* to the Northern District of Texas, Dallas Division. In support thereof, Removing Defendants respectfully show the Court as follows:



## I.    Statement of the Case

1.    On or about September 15, 2006, Plaintiff Claudia Garcia filed a civil action against Defendants in the 191st Judicial District Court of Dallas County, Texas. The case is styled Cause No. 06-09749-J, *Claudia Garcia, Plaintiff v. Boyar & Miller, PC; Café Express, LLC; Wendy's International, Inc.; Augusta Foods, LLC; Jay William Boyar; David M. Bond; Gary W. Miller; Timothy J. Heinrich; Steven D. Kesten; Stephen L. Johnson; Trent L. Rosenthal; Lee A. Collins; Chris Hanslick; E. Michelle Bohreer; and Baker, Donelson, Bearman, Caldwell & Bearkowitz, P.C.* True and correct copies of the *Plaintiffs' Original Petition* (the "Petition") and Summons filed in the state court action are included behind Tabs 1 and 2 respectively to the Index attached hereto as Exhibit A.

2.    Plaintiff asserts claims relating to Defendants' alleged failure to provide competent legal services relating to immigration status changes in connection with an employee benefit plan for prepaid legal services. The Petition alleges causes of action for Legal Malpractice, Breaches of Contract, Negligence, Negligent Misrepresentation, Unjust Enrichment & Restitution, Conversion, Breach of Fiduciary Duty, Fraud, and Intentional Misrepresentation. The Petition contains claims for interest and attorneys' fees. The Petition seeks compensatory damages, special damages, punitive damages, and pre-judgment and post-judgment interest. The Petition also contains a prayer for certification of a class under Rule 42 of the Texas Rules of Civil Procedure.

## II.    Removal Based on the Employee Retirement Income Security Act

3.    A defendant may remove any civil action brought in a state court to the district court of the United States located in the district and division where the action is pending if that court possesses original jurisdiction. 28 U.S.C. § 1441(a).

4.    Under 28 U.S.C. § 1331, a district court of the United States has original jurisdiction of "all civil actions, arising under the Constitution, laws, or treaties of the United States." Because Plaintiff's action constitutes a civil action arising under Employee Retirement Income Security Act ("ERISA"), which are laws of the United States, this Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, and the Removing Defendants may remove it to this Court under 28 U.S.C. § 1441(b).

5.    ERISA governs any arrangement that meets the definition of a "welfare plan." 29 U.S.C. § 1001 (extending coverage of title I of ERISA to any "employee benefit plan"); 29 U.S.C. § 1002(3) (defining "employee benefit plan" to include a "welfare plan"). Arrangements that provide "prepaid legal services" are explicitly denominated as a type of "welfare plan" covered by ERISA. 29 U.S.C 1002(1).

6.    Plaintiff's claims arise from an arrangement under which Plaintiff alleges her employer agreed to provide prepaid legal services "in exchange for deducting $25.00 a week from the Plaintiff [sic] paycheck . . . ." Petition, at ¶ 3. Plaintiff alleges her employer failed to properly oversee and administer the arrangement under which these legal services were to be provided, and the lawyers retained failed to provide these services in a competent fashion.

7.    Thus, according to the Petition, under applicable law, and according to Plaintiff's own descriptions, the arrangement at issue constitutes an employee benefit plan under ERISA. In making these claims under these alleged arrangements, Plaintiff, in effect, seeks the relief contemplated by (1) section 502(a)(1)(B) of ERISA, which provides recourse to recover benefits due under the terms of a plan and permits enforcement of rights under a plan; (2) section 502(a)(2) of ERISA, which provides recourse for alleged breaches of fiduciary duty under



ERISA;[1] and/or (3) section 502(a)(3) of ERISA, which provides equitable relief to redress violations of ERISA. *See* 29 U.S.C. §§ 1132(a)(1)(B), 1132(a)(2), 1132(a)(3).

8.    Where, as here, Plaintiff's claims fall within the scope of section 502(a) of ERISA (29 U.S.C. § 1132(a)), the claims are completely preempted by ERISA. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *McGowin v. Manpower Int'l, Inc.*, 363 F.3d 556, 558-59 (5th Cir. 2004). Under these circumstances, federal law provides the exclusive recourse for resolution of these disputes, and suits raising these claims are properly removed. *See id.*

9.    Based on the supplemental jurisdiction provisions of 28 U.S.C. §§ 1367(a) and 1441(c), removal of the entire case is proper because removal of the ERISA claims are proper.

### III.    Removal Based on Significant Federal Issues

10.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and the Removing Defendants are entitled to remove to this Court pursuant to 28 U.S.C. § 1441(b), because the allegations of Plaintiff's Complaint raise substantial disputed issues of federal immigration law and implicate a substantial federal interest in construing immigration law. *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 125 S. Ct. 2363, 2366-67 (2005) (recognizing "that in certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues").

### IV.    Removal under the Class Action Fairness Act

11.    The above-described action is a civil action over which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction...."

---

[1] *See, e.g.*, Petition, at p. 15 ("Count Eight – Breach of Fiduciary Duty").

12. The Petition contains a prayer for certification of a class under Rule 42 of the Texas Rules of Civil Procedure. The class allegations purporting to support maintaining the action as a class action are set forth in the related class action petition filed by Plaintiff's counsel in the action styled, Cause No. 06-09744-F, *Jaime Chavez, Individually, and on Behalf of all Others Similarly Situated, Plaintiff v. Boyar & Miller, P.C., et al., Defendants* (the "Chavez Petition"), which has also been removed to this Court. The Chavez Petition alleges the same operative facts as this action. A true and correct copy of the Chavez Petition is attached hereto as <u>Exhibit D</u>.

13. Pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005) (codified at 28 U.S.C. §§ 1332(d), 1453, 1711-1715), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any member of a class of plaintiffs is a . . . citizen or subject of a foreign state and any defendant is a citizen of a State,[2] and (3) the aggregated controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), and (d)(6).

14. If the class allegations are established the class will exceed 100 members. The class is defined to include "[a]ll employees and their families . . . who qualified to take advantage of the LIFE Act Amendments . . . and all employees and their families . . . who had money deducted from their paychecks for purported payments relating to legal fees or other costs and fees associated with the sponsorship program set up by the Defendants . . . ." Chavez Petition, at ¶ 37. Moreover, the class allegations are (1) "aggregate damages sustained by the Class is likely to be hundreds of millions of dollars . . .", and (2) "the expense and burden of individual litigation make it economically infeasible . . . to seek redress individually . . . ." Chavez Petition,

---

[2] Further, the Court shall not decline jurisdiction under sections 1332(d)(3)-(4) because the premise of Plaintiff's case is that the class members are citizens or subjects of foreign states and therefore greater than two-thirds of the class members are not citizens of Texas.



at ¶ 45. These allegations clearly allege a class of more than 100 individuals, and if established, exceed the minimum set by section 1332(d)(5)(B).[3]

15.     Plaintiff and all other members of the putative class allegedly "are barred from legalizing in the United States." Chavez Petition, at ¶ 5; *see also* Petition, at ¶ 5. Accordingly, Plaintiff and the other members of the putative class must be "citizen[s] or subject[s] of a foreign state . . . ." § 1332(d)(2)(B).[4] Defendant Wendy's is an Ohio corporation, and Café Express is a Delaware limited liability company. Removing defendants therefore qualify as "citizen[s] of a State." § 1332(d)(2)(B).

16.     The class allegations are that "aggregate damages sustained by the Class is likely to be hundreds of millions of dollars . . . ." Chavez Petition, at ¶ 45. These allegations, if established, more than satisfy the $5 million minimum set by section 1332(d)(6). Under Fifth Circuit precedent, if it is "facially apparent" from the state court petition that the amount in controversy is likely to exceed the jurisdictional limit, then the defendant need only point this out to successfully bear its burden and substantiate the amount in controversy required for removal. *See De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (diversity jurisdiction).

### V.     Removal Based on Diversity of Citizenship

17.     The district court has original jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

---

[3] *See, e.g., Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) ("Our question is whether . . . CAFA exceptions apply. In answering that question, the district court properly placed the burden on plaintiffs . . . . [L]ongstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction buttresses the clear congressional intent to do the same with CAFA.").

[4] *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("[T]o be a citizen of a state within the meaning of the diversity provision, a natural person must be both (1) a citizen of the United States, and (2) a domiciliary of that state. Federal common law, not the law of any state, determines whether a person is a citizen of a particular state for purposes of diversity jurisdiction."); *Foy v. Schatzman & Aaronson, P.A.*, 108 F.3d 1347, 1349 (11th Cir. 1997) (holding an "alien litigant's official immigration status" controls for purposes of § 1332).

---

18.     Plaintiff is a citizen or subject of a foreign state, and Removing Defendants and the other Defendants are citizens of various States. 28 U.S.C. § 1332(a)(2); *see also* Petition, at ¶¶ 9-23.

19.     The amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(2); *see also supra*, at ¶ 16; Petition, at 17.

## VI.     The Removal is Timely and Procedurally Correct

20.     Removing Defendants were served with the Citation and the Petition on September 22, 2006.   Removing Defendants have timely removed because Removing Defendants filed this Notice of removal on October 19, 2006, and no Defendant was served with process before September 19, 2006. *See* 28 U.S.C. § 1446(b).

21.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, other filings and the docket sheet in the state court action are attached to this Notice as Exhibit A.   Removing Defendants timely answered in state court.   All properly served defendants have consented in this removal. *See Consent to Removal* attached hereto at Tab 1 of Exhibit B.

22.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.[5]

23.     Pursuant to 28 U.S.C. §1446(d), Removing Defendants are serving written notice upon Plaintiff and are filing a Notice of Removal with the Clerk of the District Court for Dallas County.   A true and correct copy of the Notice of Removal to Federal Court filed in the state court is attached as Exhibit C.

24.     Removing Defendants retain the right to supplement these jurisdictional allegations by affidavit, declaration, or otherwise should Plaintiff challenge these allegations in a

---

[5] *See* Exhibit A, Tab 1.

motion to remand or other filing. *See Climer v. Twin City Fire Ins. Co.*, No. 04-CV-0552, 2004 WL 1531796, at *3 (N.D. Tex. July 8, 2004) (Fish, C.J.) (defendant may prove jurisdictional allegations contained in notice of removal challenged by plaintiff in motion to remand through affidavits attached to defendant's response to motion to remand).

25.     In accordance with the local rules of the United States District Court for the Northern District of Texas, a completed civil coversheet and a supplemental coversheet, which accurately describe the case being removed and which reflect the case as it was styled in the state court action, are being filed contemporaneously with this Notice. In addition, a Certificate of Interested Parties is also being filed contemporaneously with this Notice pursuant to local rule 81.1(a) of the United States District Court for the Northern District of Texas.

26.     Plaintiff has made a jury demand in the Petition.

27.     No admission of fact, law, or liability is intended by this Notice, and all pleas, motions, defenses, and counterclaims are expressly reserved.

### VII.     Conclusion

Based on the foregoing grounds, the Removing Defendants hereby remove the state court action, styled Cause No. 06-09749-J, Claudia Garcia, Plaintiff v. Boyar & Miller, PC; Café Express, LLC; Wendy's International, Inc.; Augusta Foods, LLC; Jay William Boyar; David M. Bond; Gary W. Miller; Timothy J. Heinrich; Steven D. Kesten; Stephen L. Johnson; Trent L. Rosenthal; Lee A. Collins; Chris Hanslick; E. Michelle Bohreer; and Baker, Donelson, Bearman, Caldwell & Bearkowitz, P.C. from the 191st District Court, Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, in order that this Court assume full jurisdiction of this action as provided by law, on this 19th day of October, 2006.



Respectfully submitted,

_William Church_ by permission

William Church
Attorney-in-Charge
Texas Bar No. 04248020

David R. McAtee
Texas Bar No. 13328000
Laura M. Franze
Texas Bar No. 07389600
William Church
Texas Bar No. 04248020
Keefe Bernstein
Texas Bar No. 24006839
Walter McInnis
Texas Bar No. 24046394
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201-4675
(214) 969-2800 Telephone
(214) 969-4343 Facsimile

**ATTORNEYS FOR DEFENDANTS
WENDY'S INTERNATIONAL, INC. AND
CAFÉ EXPRESS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Notice of Removal* has been served on counsel by certified mail, return receipt requested, in accordance with the Rules of Civil Procedure as set forth below, on this __19__ day of October, 2006:

**Stanley D. Broome**
**Matthew W. Bobo**
HOWIE, BROOME & BOBO LLP
105 Decker Court, Suite 850
Irving, Texas 75062

**Jaime Barron**
JAIME BARRON, P.C.
5415 Maple Avenue, Suite 114
Dallas, Texas 75235

**William D. Cobb, Jr.**
COWLES & THOMPSON
901 Main Street, Suite 4000
Dallas, Texas 75202

**Craig Smyser**
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002-2728

**Gregg S. Weinberg**
**Karri J. Webb-Oldham**
BARKER, LYMAN, TWINING, WEINBERG & FERR
1221 McKinney, 3600 One Houston Center
Houston, Texas 77010

**Sam Blair**
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Avenue, First Tennessee Building
Memphis, Tennessee 38103

Walter McInnis

#5986099

RECYCLED ⊕
80000 SERIES
30% P C W

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| CLAUDIA GARCIA<br><br>                            Plaintiff,<br><br>           -against-<br><br>BOYAR & MILLER, P.C.; CAFÈ EXPRESS,<br>LLC; WENDY'S INTERNATIONAL, INC.;<br>AUGUSTA FOODS, LLC; JAY WILLIAM<br>BOYAR; DAVID M. BOND; GARY W.<br>MILLER; TIMOTHY J. HEINRICH;<br>STEVEN D. KESTEN; STEPHEN L.<br>JOHNSON; TRENT L. ROSENTHAL; LEE<br>A. COLLINS; CHRIS HANSLICK;<br>E. MICHELLE BOHREER; and BAKER,<br>DONELSON, BEARMAN, CALDWELL &<br>BEARKOWITZ, P.C.<br><br>                            Defendant. | CIVIL ACTION NO. _____ |

## INDEX OF DOCUMENTS FILED IN STATE COURT

1.  Plaintiff's Original Petition (Filed in State Court on September 15, 2006)

2.  Citations (Issued on September 20, 2006)

3.  Plaintiff Demand for Jury (Filed in State Court on September 15, 2006)

4.  Answer of Augusta Foods, LLC to Plaintiff's Original Petition (Filed in State Court on October 13, 2006)

5.  Defendant E. Michelle Bohreer's Motion to Transfer Venue and Original Answer Subject Thereto (Filed in State Court on October 13, 2006)

6.  Original Answer of Boyar & Miller, P.C., Jay William Boyar, David M. Bond, Gary W. Miller, Timothy J. Heinrich, Steven D. Kesten, Stephen L. Johnson, Trent L. Rosenthal, Lee A. Collins and Chris Hanslick (Filed in State Court on October 16, 2006)

7.  Defendants Wendy's International, Inc.'s and Café Express LLC's Original Answer (Filed in State Court on October 16, 2006)

8.  Defendants Wendy's International, Inc.'s and Café Express LLC's Amended Answer (Filed in State Court on October 19, 2006)

9.  Docket Sheet from State Court

RECYCLED♻

80000 SERIES
30% P C W

CAUSE NO. _06 - 09749_

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | |
| | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| BOYAR & MILLER, PC; CAFÉ EXPRESS, | § | |
| LLC; WENDY'S INTERNATIONAL, INC.; | § | |
| AUGUSTA FOODS, LLC; JAY WILLIAM | § | |
| BOYAR; DAVID M. BOND; GARY W. | § | 191 5 JUDICIAL DISTRICT |
| MILLER; TIMOTHY J. HEINRICH; | § | |
| STEVEN D. KESTEN; STEPHEN L. | § | |
| JOHNSON; TRENT L. ROSENTHAL; LEE | § | |
| A. COLLINS; CHRIS HANSLICK; E. | § | |
| MICHELLE BOHREER; and BAKER, | § | |
| DONELSON, BEARMAN, CALDWELL & | § | |
| BEARKOWITZ, P.C. | § | |
| | § | |
| Defendants. | | DALLAS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff Claudia Garcia (hereinafter Plaintiff) and files this her *Original Petition* and in support thereof alleges as follows:

## INTRODUCTION

1. The LIFE Act Amendments of 2000 allowed an undocumented alien physically present in the United States on the date of enactment to file for and receive permanent residency in the United States, if and only if, an *Application for Alien Employment Certification* (hereinafter *Application(s)*) was received by the Department of Labor on or before April 30, 2001. Defendants agreed to file *Applications* for the

---

Plaintiff. In accepting and executing this duty, the law firm of Boyar & Miller (and later Baker Donelson) was retained to file and prosecute the *Applications*. Boyar & Miller and the other attorneys and law firms named as Defendants (hereinafter the "Attorney Defendants") in this action filed the *Applications*, but missed the deadline for filing.

2.     After missing the filing deadline, the Defendants took steps to keep the Plaintiff in the dark, and led her to believe that her *Application* had been filed, and, in due course, would be processed. The filing deadline was crucial for the Plaintiff to be allowed to eventually process her legal status inside the United States and thus avoid having to return to her country of nationality, since INA 212(a)(9) states that an alien departing the United States who has accrued unlawful presence in the United States for 1 year or more and departs will be barred from returning to the United States for a period of ten years. Once the *Application* was not filed timely it no longer mattered if it is approved or not, the Plaintiff has lost her opportunity to legalize in the United States and cannot avoid the harshest consequences of US Immigration Law.

3.     Defendants established a program for sponsorship with the INS[1] in exchange for deducting $25.00 a week from the Plaintiff' paycheck, the Restaurant

---

[1] On November 25, 2002, the President signed the Homeland Security Act of 2002 into law. This law transferred INS functions to the new Department of Homeland Security (DHS). Immigration enforcement functions were placed within the Directorate of Border and Transportation Security (BTS), either directly, or under Customs and Border Protection (CBP) (which includes the Border Patrol and INS Inspections) or Immigration and Customs Enforcement (ICE) (which includes the enforcement and investigation components of INS such as Investigations, Intelligence, Detention and Removals). On March 1, 2003, services formerly provided by the Immigration and Naturalization Service (INS) transitioned into the Department of Homeland Security (DHS) under U.S. Citizenship & Immigration Services (USCIS). With the acknowledgment of these changes, the entity is referred to herein as "INS" for convenience.

Defendants[2] and the Attorney Defendants assumed the duty to properly, competently and timely file the *Application,* which they failed to do.

4.    The Defendants compounded the egregiousness of their actions by continuing to deduct $25.00 a week from the Plaintiffs' paychecks for the next several years, despite the fact that they knew, or should have known, that the *Application* was not filed timely.

5.    The result to Ms. Garcia and her family can only be described as disastrous. Applicants who timely filed on or before April 30, 2001 would be allowed to eventually process their paperwork inside the United States and thus avoid the terrible punishment of INA 212(a)(9) that requires an applicant to depart the United States and try to process their paperwork from their country of origin. This provision automatically bars the applicant and banishes him or her for a period of 10 years from the United States. The LIFE Act was created to allow undocumented aliens a window of opportunity to eventually correct their legal status inside the United States and thus avoid the serious consequences of INA 212(a)(9). Once the Defendants missed the filing deadline of April 30, 2001, Claudia Garcia and her family were barred from legalizing in the United States, and have lost their only opportunity to be legal in the United States. As such the Plaintiff has lost all opportunities that come with having legal status in the United States, as well as the future opportunity to become United States Citizens.

---

[2]Defendant Café Express, LLC acquired Defendant Augusta Foods, LLC during a corporate restructuring in early 2002. Defendant Wendy's International, Inc. owns a majority stake in Café' Express, LLC. All three of these Defendants were involved in the transactions set forth in this pleading. For convenience, Defendants Café Express, LLC, Augusta Foods, LLC, and Wendy's International, Inc. are referred to herein as the "Restaurant Defendants."

6.     Café Express sent a letter to the Plaintiff on or about July 7, 2006 (attached hereto and incorporated herein as Exhibit "A") informing her for the first time that her *Application* submitted by the Defendants in 2001, could not be successfully completed.  Further, she was told that unless she could prove that her *Application* was filed on or before April 30, 2001 she would be fired from her job on September 15, 2006.

7.     The Plaintiff did not know until she received this letter that there was a problem with her *Application*.  She is now well aware that her hopes and expectations of becoming a permanent resident, and eventually a citizen of the United States has been stripped away from her, her job has been terminated, and, other than the relief asked for in this lawsuit, she has absolutely no remedy.

## PARTIES

8.     Plaintiff Claudia Garcia is a resident of Dallas County, Texas.

9.     Defendant Boyar & Miller, P.C. is a law firm with its principal place of business at 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.  They may be served through their registered agent for service of process Gary W. Miller, 4265 San Felipe Street, Suite 1200, Houston, Texas 77027.

10.    Defendant Augusta Foods, LLC is a Texas limited liability corporation with a registered place of business at 5858 Westheimer Rd., Suite 110, Houston, Texas 77057.  It may be served through its registered agent for service of process:  Stephen D. Lerner, 109 N. Post Oak Lane, Suite 200, Houston, Texas  77024.

11.    Defendant Café Express, LLC is a Delaware limited liability company with a registered place of business at P.O. Box 256, Attention: Tax Department, Dublin, Ohio 43017-0256.  It may be served through its registered agent for service of process:

CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201. Café Express, LLC is the successor in interest to Augusta Foods, LLC.

12.     Defendant Wendy's International, Inc. is an Ohio corporation with a registered place of business at Wendy's International, Inc., One Dave Thomas Blvd, Dublin, Ohio 43017. It may be served by serving its registered agent of process: CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

13.     Defendant Jay William Boyar is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

14.     Defendant David M. Bond is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

15.     Defendant Gary W. Miller is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

16.     Defendant Timothy J. Heinrich is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

17.     Defendant Steven D. Kesten is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

18.    Defendant Stephen L. Johnson is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

19.    Defendant Trent L. Rosenthal is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

20.    Defendant Lee A. Collins is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

21.    Defendant Chris Hanslick is an attorney licensed to practice law in the state of Texas. He may be served at his business address which is 4265 San Felipe Street, Suite 1200, Houston, Texas 77027-2917.

22.    Defendant E. Michelle Bohreer is an attorney licensed to practice law in the state of Texas. She may be served at her business address which is the Rivianna Building, 2777 Alan Parkway, Suite 865, Houston, Texas 77019.

23.    Defendant Baker Donelson Bearman Caldwell & Berkowitz, P.C. is a Tennessee professional corporation with a registered place of business at Commerce Center, Suite 1000, 211 Commerce Street, Nashville, Tennessee 37201. It may be served on the Texas Secretary of State through the long-arm statute because: (1) the Secretary of State is the registered agent for the non-resident; (2) the non-resident engaged in business in Texas; (3) the non-resident does not maintain a place of business in Texas; (4) the non-resident does not have a registered agent for service of process in Texas; and, (5) the lawsuit arises out of the non-resident's business in Texas. Additional notice may be

given to the managing shareholder, Bruce Doeg, Commerce Center, Suite 1000, 211

Commerce Street, Nashville, Tennessee 37201.

## JURISDICTION AND VENUE

24.     This Court has personal jurisdiction over the Defendants because the

Defendants are registered to do business in Texas and/or regularly conduct business in

Texas including Dallas County.  Venue is proper because all or part of the causes of

action arose in Dallas County and Claudia Garcia, was working for restaurants owned,

operated and controlled by the Restaurant Defendants in Dallas County.  In addition, the

Attorney Defendants entered into contracts with Claudia Garcia who resided in Dallas

County at the time the attorney/client relationship was formed.

## FACTUAL ALLEGATIONS

25.     Plaintiff was eligible to take advantage of the LIFE Act Amendments of

2000, P.L. 106-544, 8 U.S.C. §1255,[3] which changed the date in Section 245(i)(1)(B) to

---

[3]   8 U.S.C. §1255:  **Adjustment in status of certain aliens physically present in United States.**  (1)
Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the
United States – (A) who – (i) entered the United States without inspection; or (ii) is within one of the
Classes enumerated in subsection (c) of this section; (B) who is the beneficiary (including a spouse or child
of the principal alien, if eligible to receive a visa under section 203(d)) of – (i) a petition for Classification
under section 204 that was filed with the Attorney General on or before April 30, 2001; or (ii) an
application for a labor certification under section 212(a)(5)(A) that was filed pursuant to the regulations of
the Secretary of Labor on or before such date; and (C) who, in the case of a beneficiary of a petition for
Classification, or an application for labor certification, described in subparagraph (B) that was filed after
January 14, 1998, is physically present in the United States on the date of the enactment of the LIFE Act
Amendments of 2000; may apply to the Attorney General for the adjustment of his or her status to that of
an alien lawfully admitted for permanent residence.  The Attorney General may accept such application
only if the alien remits with such application a sum equaling $1,000 as of the date of receipt of the
application, but such application shall not be required from a child under the age of seventeen, or an alien
who is the spouse or unmarried child of an individual who obtained temporary or permanent resident status
under section 210 or 245A of the Immigration and Nationality Act or section 202 of the Immigration
Reform and Control Act of 1986 at any date, who (i) as of May 5, 1988, was the unmarried child or spouse
of the individual who obtained temporary or permanent resident status under section 210 or 245A of the
Immigration and Nationality Act or section 202 of the Immigration Reform and Control Act of 1986; (ii)
entered the United States before May 5, 1988, resided in the United States on May 5, 1988, and is not a
lawful permanent resident; and (iii) applied for benefits under section 301(a) of the Immigration Act of
1990.  The sum specified herein shall be in addition to the fee normally required for the processing of an
application under this section.  (2)  Upon receipt of such an application and the sum hereby required, the

---

April 30, 2001 and also added a paragraph (1)(C). This section allows persons physically present in the United States on the date of the enactment of the LIFE Act Amendments of 2000 to apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residency, if an Application for Alien Labor Certification was filed by April 30, 2001. A decision was made by the Restaurant Defendants at the corporate level to take advantage of the LIFE Act Amendments of 2000. The Restaurant Defendants chose to take on the obligation of making sure that any and all of its employees that qualified under the LIFE Act Amendments of 2000 applied for permanent residency. The Restaurant Defendants stood to benefit if the Plaintiff obtained amnesty under the program.

26. To accomplish this task, the Restaurant Defendants retained the Attorney Defendants to satisfy the filing requirements of the LIFE Act Amendments of 2000 on behalf of the Plaintiff. The Restaurant Defendants worked closely with the Attorney Defendants to provide Plaintiff with the proper paperwork, instructions and directions on how to complete the paperwork, and generally oversaw the process. In order to participate in the program the Restaurant Defendants required that $25.00 a week be deducted from the Plaintiffs' paycheck for the costs and legal fees involved in the *Application* process. The weekly deductions began in May 2001 and continued through December 2005.[4] To date, Plaintiff still has not been told how the money was used. No invoices have been provided. No explanation has been given.

---

Attorney General may adjust the status of the alien to that of an alien lawfully admitted for permanent residence if - (A) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence; and (B) an immigrant visa is immediately available to the alien at the time the application is filed.
[4] There were several months in 2003 that the weekly deductions were not taken out but they were sporadic and for the vast majority of the 4 ½ years the weekly $25.00 deductions were made from the Plaintiff's and Class members' paychecks.

---

27.     The Attorney Defendants accepted the attorney/client representation of the Plaintiff.   They accepted legal fees in exchange for applying for and prosecuting permanent residency applications for the Plaintiff.  The first step of this process was to promptly, properly and timely file the *Application* for the Plaintiff.

28.     The Defendant Attorneys completed the *Application* and filed the *Application* with the Department of Labor.  However, they filed the *Application* after the April 30, 2001 deadline.

29.     Any Applicants whose *Application* was not filed by April 30, 2001 do not have the benefit of INA 245(i).  This failure to timely file bars any undocumented worker the chance to legalize inside the United States.  There is no remedy in either law or equity to correct this issue unless the Applicant is grandfathered by another petition filed before the sunset date of April 30, 2001, other than the remedies requested in this suit.

30.     Despite knowledge by the Attorney Defendants and the Restaurant Defendants (either through direct knowledge or information that was known or should have been known to the Defendants) the Defendants failed to inform the Plaintiff that the deadline had been missed.  Nor did they inform the Plaintiff that her status in this country was illegal and that she would not qualify under the LIFE Act Amendments of 2000 to become a permanent resident.   Instead, the Attorney Defendants and Restaurant Defendants aggressively and expressly took steps to assure the duped Plaintiff that her *Application* was being processed and that "everything was taken care of and they had nothing to worry about."  Please see letters attached hereto and incorporated herein as Exhibits "B – F".  All of these letters from the Defendants were sent at various times after

the *Application* filing deadline was missed, and portray that everything was on track and in good order.

31.    To compound the lies and misinformation funneled by the Attorney Defendants and Restaurant Defendants to the Plaintiff, the Defendants continued to deduct $25.00 a week from the duped Plaintiff.

32.    In addition, the Restaurant Defendants continued to employ the Plaintiff despite the fact that employing the Plaintiff was in clear violation of immigration law.

33.    After nearly five years, the Defendants decided their actions were wrong and illegal. However, even then, they still continued taking the Plaintiffs' money. Please see letter attached hereto and incorporated by reference as Exhibit "G".

34.    The Restaurant Defendants eventually sent a letter to the Plaintiff, on or about July 7, 2006, informing her for the first time that her *Application* could not be successfully completed.[5] Further, the Plaintiff was told that unless she could prove that her *Application* was filed on or before April 30, 2001 she would be terminated on September 15, 2006.

35.    This letter came as an absolute shock to the Plaintiff. On one day she believed that she had a secure job position, was a permanent resident of the United States (or soon would be), that she had paid thousands of dollars in legal fees to the Defendants, and she believed her future, career, family and legal presence in the United States was solid and would continue. None of these beliefs were true. The Plaintiff was simply duped by high-powered lawyers and her employers into believing this. Not only was the Plaintiff done a grave disservice which cannot be remedied (but for damages prayed for

---

[5] Please see Exhibit "A".

in this lawsuit), the money taken out of her checks for the last several years can be characterized as nothing less than theft.

36.     Damages in this lawsuit must include the money stolen from the Plaintiffs' paychecks each week, plus money she would have earned but for the termination. But damages must also include sufficient funds to compensate the Plaintiff for the loss of permanent residency, and the likelihood that she would have eventually qualified to apply for citizenship in the United States. Damages must compensate the Plaintiff for what that loss means to her and her family. Under the clear and strict laws relating to immigration status, there is very little likelihood that the Plaintiff will ever obtain permanent residency or U.S. citizenship because of the Defendants' failures. At best, the Plaintiff may expect to be deported from the United States and must begin the application process anew, complete with the long delays and improbabilities that accompany this process. The Plaintiff paid her ticket to Ellis Island, only to pull up to the dock, have her ticket snatched from her hands, and endure the shame and financial loss of being sent back from whence she came, with no hope of ever becoming a Citizen or permanent resident of the United States.

## **ESTOPPEL AND TOLLING STATUTE OF LIMITATIONS**

37.     Defendants are estopped from asserting any statute of limitations defense to the claims alleged herein by virtue of their acts of failing to disclose material facts, suppressing their wrongful conduct, and taking express, regular, knowing and intentional acts of deception and misrepresentation towards the Plaintiff.

## CAUSES OF ACTION

### A.     Count One – Legal Malpractice

38.     Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

39.     The Attorney Defendants had an attorney/client relationship with the Plaintiff because: (1) the Plaintiff was their client; (2) the Attorney Defendants agreed to take on the representation; (3) the Attorney Defendants agreed to take whatever legal action necessary to properly and timely submit the *Application* on behalf of the Plaintiff; (4) the Attorney Defendants charged the Plaintiff for performance of legal services; and (5) the Attorney Defendants were paid for this legal service.   Further, the Attorney Defendants represented themselves as the Plaintiffs' attorney.   There is no doubt that the Attorney Defendants engaged in the practice of law on behalf of the Plaintiff in taking steps to file her *Application* (including signing the *Application*), but failed to file the *Application* timely.   Failure to properly and timely file the *Application* resulted in a breach of the duty that the Attorney Defendants owed to the Plaintiff.   In addition, failure to timely inform the Plaintiff of the error exacerbated the damages.   In addition, continuing to bill the Plaintiff after the missed deadline exacerbated the damages.   These breaches proximately caused the Plaintiffs injuries, and substantial damages were incurred.

### B.     Count Two – Breach of Contract – Legal Malpractice

40.     Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

41.    The Attorney Defendants entered into a contractual relationship to provide legal services to the Plaintiff.  The Attorney Defendants breached this contract by failing to properly and timely supply competent legal services to the Plaintiff.  The failure to perform competently the services required by the Plaintiff proximately resulted in substantial damages to the Plaintiff.

**C.    Count Three – Breach of Contract – Restaurant Defendants**

42.    Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

43.    The Restaurant Defendants entered into a contract with the Plaintiff to oversee and process the correct, accurate and timely filing of the *Application* on behalf of the Plaintiff.  The Restaurant Defendants' HR Departments regularly communicated in writing with the Plaintiff, and repeatedly assured the Plaintiff that the *Applications* were correctly and timely filed and that they were taking steps (and later claimed that they had completed the steps necessary) to accurately, competently and timely file the *Application*.[6]  The Restaurant Defendants breached this contract by failing to provide the services they agreed to provide.  This breach proximately led to the substantial damages incurred by the Plaintiff.

**D.    Count Four – Negligence**

44.    Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

45.    The Defendants accepted the duty to competently, correctly and timely file and process the Plaintiffs' *Application*.  After accepting this duty and taking steps to complete this duty, the Defendants negligently failed to timely complete the tasks, and

---

[6]   Please see Exhibit B-G.

engaged in other acts that breached the duties that they owed to the Plaintiff. This breach proximately led to the substantial damages incurred by the Plaintiff.

**E.      Count Five – Negligent Misrepresentation**

46.      Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

47.      The Defendants regularly communicated with the Plaintiff even after they knew or should have known that the filing deadline had been missed. In both written and oral communications,[7] the Defendants regularly assured the Plaintiff that her *Application* had been filed timely, were being processed and in due course the Plaintiff would be permanent residents. These actions took place after the Defendants knew or should have known that the deadline had been missed. These acts of negligent misrepresentation caused substantial damages to the Plaintiff.

**F.      Count Six – Unjust Enrichment, Restitution**

48.      Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

49.      The Defendants continued to collect fees by deducting money from the Plaintiffs' paychecks, even after the Defendants knew or should have known that the *Application* was late-filed. This was done by automatic deductions of $25.00 per week for several years. By receiving these funds, the Defendants were unjustly enriched and the Plaintiff was substantially damaged.

**G.      Count Seven – Conversion**

50.      Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

---

[7] Please see Exhibit B-G.

51.     Defendants stole and collected money from the Plaintiffs' paychecks on a weekly basis long after they knew or should have known that the *Application* was not filed timely.  By doing so, funds that belong to the Plaintiff were wrongfully converted for the use of the Defendants.

**H.     Count Eight – Breach of Fiduciary Duty**

52.     Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

53.     Defendants owe the highest duty to the Plaintiff and failed to fulfill this fiduciary duty by failing to timely file her *Application*.  Defendants also lied to the Plaintiff about the status of her *Application*.  These actions were directly in breach of the fiduciary duties owed by the Defendants to the Plaintiff.

54.     As a direct and proximate cause of the Defendants' conduct, Plaintiff has been damaged.

**I.     Count Nine – Fraud**

55.     Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

56.     Defendants engaged in fraud for the express purpose of covering up their failure to properly and timely file the *Application*.  Defendants took numerous steps to convince the Plaintiff that her *Application* was still pending, would be ultimately approved, and that she would receive permanent residence, long after the Defendants knew or should have known that the application deadline had been missed.

---

**J.**     **Count Ten – Intentional Misrepresentation**

57.     Plaintiff realleges and incorporates by reference all paragraphs contained in this petition, as if fully set forth herein.

58.     Defendants intentionally misrepresented the facts to the Plaintiff for the express purpose of covering up their failure to properly and timely file the *Application*. The Defendants took numerous steps both in writing and orally to convince the Plaintiff that her *Application* had been filed timely and was still pending and/or had been approved and that she either was or would soon be granted permanent resident status.[8]   As a direct and proximate cause of the Defendants' conduct, the Plaintiff has suffered substantial damages.

**INTEREST**

59.     Plaintiff is entitled to receive, and hereby request, pre- and post- judgment interest.

**ATTORNEYS' FEES**

60.     Plaintiff is entitled to recover attorneys' fees and hereby request the same.

**REQUEST FOR JURY TRIAL**

61.     Plaintiff hereby requests a jury trial, and has tendered the appropriate fee.

**PRAYER**

WHEREFORE, Plaintiff Claudia García prays that the Defendants be cited to appear and answer, and that the Plaintiff have judgment in her favor and against the Defendants:

---

[8]  Please see Exhibit B-G.

A.   Declaring the action be maintained as a Class action under Rule 42 of the Texas Rules of Civil Procedure;

B.   Entering judgment in favor of Plaintiff against the Defendants;

C.   For compensatory damages including actual damages consisting of the amount of money that was taken out of the Plaintiffs' paychecks, the amount of money that the Plaintiff would have earned during a lifetime of employment with regular rates of increase both for inflation, cost of living and advancement in the corporation;

D.   For Special Damages;

E.   Damages to compensate the Plaintiff for the fact that she will not qualify as a permanent resident of the United States and will not have the opportunity to become Citizens of the United States;

F.   Awarding Plaintiff such other and further relief that this court deems just and proper under the circumstances;

G.   Pre-judgment and post-judgment interest;

H.   Attorneys' fees and costs of this action;

I.   Punitive damages; and,

J.   Exemplary damages.

Respectfully submitted,

**Howie, Broome & Bobo, LLP**

BY: _____
**Stanley D. Broome**
State Bar No. 24029457
**Matthew W. Bobo**
State Bar No. 24006860

HOWIE, BROOME & BOBO LLP
105 Decker Court, Ste. 850
Irving, Texas 75062
(214) 574-7500 (Telephone)
(214) 574-7501 (Facsimile)


**Jaime Barron**
State Bar No. 24009889
Jaime Barron, P.C.
5415 Maple Avenue, Suite 114
Dallas, Texas 75235
(214) 267-9300 (Telephone)
(214) 267-9302 (Facsimile)

**ATTORNEYS FOR THE PLAINTIFF
CLAUDIA GARCIA**

To:     Jaime Chavez

Store:  1201

Via:    Hand Delivery

Re:     Immigration Matters

We are writing to you with regard to our efforts to assist you in obtaining permanent residency in the United States. Based upon the advice of our present legal counsel, we understand that the labor certification application previously submitted by our company on your behalf in 2001 cannot be successfully completed. However, we may be able to file a new labor certification application on your behalf in an effort to preserve your green card eligibility under section 245(i) of the applicable law.

In order to file a new labor certification on your behalf, we must be able to show that, on or before April 30, 2001, a green card petition or application was filed on your behalf by a family member or an employer. We are therefore requesting your assistance in providing a copy of any such papers filed for you so that we can determine whether you indeed are eligible to complete your permanent residency process successfully. Please provide this documentation to us no later than September 15, 2006. If no such documentation exists, then please let us know this no later than September 15, 2006. If you are indeed eligible to be sponsored for a new labor certification application based upon your other 245(i) filing, we will certainly do so, at your expense, if you indicate to us that you wish for us to do so by September 15, 2006.

If we do not receive the requested documentation from you that would allow us to file a new labor certification application for you, as well as your indication that you wish us to do so, by September 15, 2006, then we will be required to terminate your employment. We certainly wish to assist you in completing your permanent residency in the United States and therefore request your assistance at this time in providing proof of your eligibility to continue with this process.

Sincerely,

Cafe Express Human Resources

(615) 390·3000 / Holley Key
B 12 i.3a Group /



EXHIBIT
A

*Augusta Foods*

November 8, 2002

Re:   Sponsored Employee. 
TWC No.:

Dear Employee

This letter will serve as an update on the alien labor certification process currently being sponsored by Augusta Foods. All necessary documentation for your certification has been filed with the Texas Workforce Commission.

As of today, we have yet to receive the final certification from the Texas Workforce Commission, which is required before your application can be processed by the Immigration and Naturalization Service and the Departments of Labor and Justice. While this process, under normal circumstances, was expected to take approximately one year, because of the amnesty program offered by the government, processing time for such applications has been greatly delayed. The Texas Workforce Commission has advised it may take three to five years to process all requests filed immediately prior to the amnesty deadline. The Texas Workforce Commission is currently processing applications received on April 6, 2001. Your application was mailed on or about April 30, 2001. I am advised by the Texas Workforce Commission that it takes approximately one full month to process all applications received on one given day, which means that your application should be processed approximately 24 months from today, October 2004. The above referenced TWC number is the number assigned to your application. At any time, using your assigned TWC number and/or the date of filing your application (4/30/01), you can telephone the Texas Workforce Commission (Alien Labor Certification Department: 512/463-2338 or 512/475-2571) to obtain a personal status of your application. Given the delays in processing, circumstances surrounding your application may change. It is critical for you to keep us apprised regarding any changes in your address, marital status and family size (specifically, the birth of any children in the United States) Also, should your employment relationship with Augusta end during this period, the company's sponsorship of your application will end as well. Should this occur, you may be able to get your new employer or someone else to substitute in as your sponsor. Augusta would not be involved in such process.

At this time, we are all merely waiting the Texas Workforce Commission. As such, your current payroll deduction for the fees and processing charges for the alien certification process will end effective immediately; however, please note that once your certification has been received from the State of Texas and your federal application processing through the Immigration and Naturalization Service and the Departments of Labor and Justice Department ensues, the withdrawals will once again commence. You will be notified prior to the additional deductions occurring.

Very truly yours,

*Michelle Diaz*

Director of Human Resources

5858 Westheimer   Suite 110   Houston, TX 77057
Phone 713 977 9233  *  Fax 713 977 9519



EXHIBIT
**B**

PJR\002619\00003\132468 1

8 de noviembre de 2002



Ref. No. de TWC 0075307

Estimado(a)

El motivo de esta carta es darle información actualizada acerca del proceso de certificación de mano de obra extranjera patrocinado actualmente por Augusta. Toda la documentación necesaria para su certificación ha sido presentada a la Comisión de la Fuerza Laboral de Texas (Texas Workforce Commission).

Hasta la fecha de hoy, no hemos recibido todavía la certificación laboral de la Comisión de la Fuerza Laboral de Texas, la cual se requiere antes de que el Servicio de Inmigración y Naturalización y los Departamentos de Trabajo y Justicia puedan tramitar su solicitud. Aunque, en circunstancias normales, se estipulaba que este proceso tomaría aproximadamente un año, debido al programa de amnistía ofrecido por el gobierno, el tiempo para tramitar tales solicitudes ha aumentado considerablemente. La Comisión de Fuerza Laboral ha informado que puede tomar de tres a cinco años para tramitar todas las solicitudes que se presentaron inmediatamente antes de la fecha límite para la amnistía. La Comisión de la Fuerza Laboral de Texas tramita actualmente solicitudes recibidas el 6 de abril de 2001. Su solicitud fue enviada aproximadamente el 30 de abril de 2001. La Comisión de la Fuerza Laboral de Texas me ha informado que toma aproximadamente un mes entero para tramitar todas las solicitudes recibidas en un determinado día, y esto quiere decir que el trámite de su solicitud tardará aproximadamente 24 meses a partir de la fecha de hoy, octubre de 2004. El antes referido número de TWC es el número asignado a su solicitud. En cualquier momento, utilizando su número de TWC asignado y/o la fecha de presentación de su solicitud (30/04/01), usted puede llamar a la Comisión de la Fuerza Laboral de Texas (Departamento de Certificación de Mano de Obra Extranjera: 512/463-2338 ó 512/475-2571) para que se le informe personalmente de la posición de su solicitud. En vista de las demoras en el trámite, las circunstancias con respecto a su solicitud podrán cambiar. Es de importancia crítica que usted nos mantenga informados acerca de cualquier cambio en su dirección, estado civil y tamaño de familia (específicamente, el nacimiento de cualquier hijo en los Estados Unidos). Asimismo, en caso de que su relación de empleo con Augusta termine durante este periodo, el patrocinio de su solicitud por parte de la compañía terminará también. En caso de que ocurra esto, es posible que usted pueda persuadir a su empleador nuevo u otra persona para que se sustituya como su patrocinador. Augusta no participaría en tal proceso.

En este momento, lo único que hacemos todos es esperar a que la Comisión de la Fuerza Laboral de Texas actúe. En vista de eso, se terminará con efecto inmediato la deducción actual de su cheque de sueldo por concepto de las cuotas y los cargos de trámite para el proceso de certificación de extranjeros. Sin embargo, sírvase tomar nota de que, una vez que se reciba su certificación del Estado de Texas y se inicie el trámite federal de su solicitud a través del Servicio de Inmigración y Naturalización y los Departamentos de Trabajo y Justicia, las deducciones se reanudarán. Se le notificará antes de que se vuelvan a reanudar las deducciones.

Atentamente,

*Michelle Diaz*

Directora de Recursos Humanos

Cafe Express Employees,

We would like to extend our thanks for your patience in the process of sponsorship with the INS. This process is very long and involves a great deal of paperwork.

We have received confirmation that all applications have been filed with the INS, the Texas Workforce Commission and the U.S. Department of Justice. We are dealing with three agencies for this process This confirmation does not mean that your application has been approved. The approval process can take 2 to 5 years during which you must stay employed with Cafe Express. If you leave Cafe Express for any reason, your application is terminated and you can not seek sponsorship with any other company. Therefore, it is very important for you to remain in good standing at Cafe Express through this process. Once you are legal to work in the U.S , you may work anywhere in the United States legally.

At this point, we wait. We know that waiting is difficult but the government takes a very long time to process approvals. Because of the activities on September 11, 2001, the process may take longer   We also can not guarantee that your application will be approved. The government determines this.

You may also contact the attorney representing our company for your sponsorship. The law offices of Boyar & Miller represent Cafe Express in all INS sponsorships. You may contact Peggy Ricks at 713.850.7766 or Michelle Diaz at the home office.

Empleados de Cafe Express,
Quisiéramos ampliar nuestras gracias por su paciencia en el proceso del patrocinio con el INS. Este proceso es muy largo e implica mucho papeleo. Hemos recibido la confirmación que todas las aplicaciones se han archivado con el INS, la Tejas Comisión de la Mano de Obra y el Ministerio de Justicia de ESTADOS UNIDOS. Nos estamos ocupando de tres agencias para este proceso. Esta confirmación no significa que se ha aprobado su aplicación. El proceso de la aprobación puede tomar 2 a 5 años durante este tiempo usted deba permanecer empleado con Cafe Express. Si usted deja el Cafe Express por cualquier razón, se termina su aplicación y usted no puede buscar patrocinio con ninguna otra compañía. Por lo tanto, es muy importante que usted siga siendo en la buena situación con Cafe Express durante este proceso. Cuando usted ya sea legal trabajar en los ESTADOS UNIDOS, usted puede trabajar dondequiera en los Estados Unidos legalmente.
Ahora a este punto, esperamos. Sabemos que el esperar es difícil, pero el gobernó tome un rato muy largo de procesar aprobaciones. Debido a que paso con los actividades de septiembre el 11 de 2001, el proceso puede durar. También no podemos garantizar que su aplicación será aprobada. El gobierno determina esto. Usted puede también comunicar con el abogado que representa a nuestra compañía para su patrocinio. Las asesorías jurídicas de Boyar y de Molinero representan Cafe Express en todos los patrocinios del INS. Usted puede entrar en contacto con Peggy Ricks en 713,850,7766 o Michelle Diaz a la oficina corporativa.



**EXHIBIT**
**C**



Cafe Express, LLC
Human Resources Department
5858 Westheimer Suite 118
Houston, Texas 77057
713-977-1922

To:     Hourly Restaurant Employees Participating in the Texas Workforce Commission and INS
        Sponsorship Program

From:   Michelle Diaz, Director HR

Date:   May 7, 2004

Re:     Status Update INS Sponsorship Applications


We wanted to provide you with an update as to the status of all applications pending for work sponsorship.
In all cases, no news today is good news  All applications are in active status and still pending through the
Texas Workforce Commission (TWC) unless you have personally heard otherwise from Peggy Ricks (see
below)

All sponsorship applications are processed in the order received at the TWC  Therefore, Houston
applications are being processed before Dallas applications because we happened to process Houston
applications first, but only about 3 to 5 days prior to the Dallas applications  We are currently receiving our
Houston applications that are entering the FINAL phases of this entire process.

We are pleased to announce that SIX (6) active applications are being sent off for final approval to the state
for valid U S  work permits'  We have about 95 applications to go!  But this is a great accomplishment for
our company and for these employees

If you ever have questions about your specific application, you may contact Peggy Ricks, our corporate-
appointed legal aide at Boyar & Miller Attorneys at Law at 713-850-7766  You can also telephone the
Texas Workforce Commission (Alien Labor Certification Department  512/463-2338 or 512/475-2571) to
obtain a personal status of your application  You will need your personal file number when you call this
number  If you do not know your personal file number  you may contact Peggy Ricks at Boyar & Miller or
Michelle or Lori in Human Resources at the corporate office in Houston at 713-977-1922.



Date:   08-30-05

To: Participants in the 245(i) Program

Thanks to all of you for your patience. We know that many of you have been concerned about how long this process is taking and wondered what the status of your individual case is. We will soon be able to provide a monthly update for you which should help with some of these concerns.  We also wanted to remind everybody how this process works regarding next steps and also discuss upcoming fees.

### Step 1 – Labor Certification Application under Section 245( )

The first step in this process was to file an individual 245(i) labor certification application for each of you, and this has been done for everyone. Most of you are still waiting for this application to be approved. This has taken longer than anyone anticipated, partly because the Department of Labor has nearly 300,000 cases to still sort through. Thankfully, "Backlog Centers" were set up to try to get these through and approved as quickly as possible. Because of the backlog though, it may take 10 months to a year to have a decision made on your application.

All of the fees that you have paid thus far have been to get you through this first step.

### Step 2 – Immigrant Petition (Form I-140)

Once your Labor Certification Application has been approved, the attorneys can then file the Form I-140 immigrant petition.  At this step you will be charged a flat fee per individual and you will pay the attorney directly. These amounts are subject to change, but here is a rough idea of what you can expect:

$  190   I-140 filing fee paid to the US Government
$1500   Preparation fees to the attorney (discounted from $2,200)

### Step 3 – Adjustment of Status Application (Form I-485, Permanent Residency or Green Card)

At the same time the I-140 is filed, the attorneys can also file the I-485 if visa numbers are available. When the I-485 is filed, you can also file for a work permit, which generally is issued within 90 days after filing.  The work permit is valid for one year and must be renewed yearly.  From the time you get your Work Permit, it may be an additional 2-3 years before you receive your permanent residency (Green Card). Once again, here is a rough estimate of filing fees and attorney fees.

$1000   245(i) Penalty fee paid to the US Government for each applicant
$  385   I-485 and biometrics filing fee paid to the US Government for each applicant
$  175   Filing fees for Work Permit paid to the US Government for each applicant
$1400   Preparation fees to the attorney for principal applicant

### Current Deductions

We are still collecting payroll deductions from each of you until we have paid back the balance owed from the past attorney's invoices as well as any additional invoices that we receive for work during Step 1.

We hope this additional information is helpful to you. Please call us if you have any questions about the contents of this letter.

Sincerely,


Cafe Express – HR Department


EXHIBIT
E

Fecha  30-08-05

A: Los participantes del Programa 245(i)

A todos les agradecemos por su paciencia. Sabemos que muchos de ustedes están preocupados por la extensa duración de este proceso y se preguntan cuál es el estado particular de su caso. Pronto podremos proporcionarles un informe mensual que resolverá algunas de sus inquietudes. También nos gustaría recordarles el funcionamiento del proceso y los pasos posteriores a seguir y discutir las tarifas venideras.

Paso 1 – Solicitud de Certificación Laboral bajo la Sección 245(i)
El primer paso en este proceso consistió en presentar una solicitud 245(i) de certificación laboral por cada uno de ustedes, paso que se ha completado para todos los empleados. La mayoría de ustedes está esperando que la solicitud sea aprobada. Este proceso ha tomado más tiempo de lo que esperábamos, en parte porque el Departamento de Trabajo tiene alrededor 300.000 casos que revisar. Afortunadamente, se crearon "Centros de Trabajo Atrasado" ("*Backlog Centers*") para tratar de revisar y aprobar estos casos lo más rápido posible. Sin embargo, debido al retraso, la decisión sobre su solicitud podría llevar de 10 meses a un año.

Las tarifas que ha pagado hasta el momento se han utilizado para pagar los gastos de este primer paso.

Paso 2 – Petición de Inmigrante (Formulario I-140)
Una vez que su solicitud de Certificación Laboral haya sido aprobada, los abogados pueden presentar el Formulario I-140 de petición de inmigrante. Durante este paso se le cobrará una tarifa fija y deberá pagarle al abogado en forma directa. Los montos están sujetos a cambio, estas son sólo cifras estimativas de los montos a pagar.

$  190  Tarifa por presentación del I-140 que se paga al Gobierno de los Estados Unidos
$1500  Honorario de abogado por preparación (descontado de $2.200)

Paso 3 – Solicitud de Cambio de Estatus (Formulario I-485, Residencia Permanente o Tarjeta Verde)
Al mismo momento en que se presenta el I-140, y en caso de haber números de visas disponibles, el abogado también puede presentar el I-485. Cuando se presenta el I-485, también se puede solicitar un permiso de trabajo, que generalmente se emite a los 90 días después de haber sido solicitado. El permiso de trabajo tiene vigencia de un año y debe renovarse anualmente. Desde el momento en que se recibe el permiso de trabajo, la residencia permanente (Tarjeta Verde) puede demorar 2 –3 años. Nuevamente, este es un estimativo de las tarifas de solicitud y honorario de abogados.

$1000  Multa por la 245(i) que se paga al Gobierno de los Estados Unidos por cada postulante
$  385  Tarifa por presentación del I-485 y por biométrica que se paga al Gobierno de los Estados Unidos por cada postulante
$  175  Tarifa por solicitud del Permiso de Trabajo que se paga al Gobierno de los Estados Unidos por cada postulante
$1400  Honorario de abogado por preparación por postulante principal

Descuentos actuales
Continuaremos realizando descuentos por planilla hasta que hayamos pagado el total del saldo adeudado por honorarios de abogados y por cualquier factura adicional que recibamos por trabajo relacionado con el Paso 1.

Esperamos que esta información adicional sea de su utilidad. Si tiene dudas sobre el contenido de esta carta, no dude en comunicarse con nosotros.

Atentamente,

Cafe Express – Departamento de Recursos Humanos

N DEW 533890 \
0-0  08/30/05



| Employee Complete This Box and Sign Below! |
| --- |
| Full Name on INS Application: ██████████ |
| SSN on Application ██████████ |



Dear Cafe Express Employee:

Cafe Express continues to sponsor your application with the Immigration and Naturalization Services for a legal work permit in the United States. Your application remains active in the INS system.

We continue to incur fees on your behalf for this process. Because of these additional fees, we will need to restart deductions in the amount of $25 from each paycheck until the fees are caught up. This amount per paycheck may change as necessary to keep the account with the attorney current.

We will begin this deduction of $25 from your next paycheck, March 7, 2005.

Please sign below that you have read and understand the above information. By signing this document, you agree to the employee paycheck deduction as mentioned in this letter. Please return the signed form to Human Resources at the corporate office of Cafe Express by February 25, 2005.

We appreciate your patience in this matter. Please contact Human Resources with questions.

Print Name: ██████████

Sign Name: ██████████

Sincerely,

Cafe Express Human Resources Department



EXHIBIT
F



Date:   January 9, 2006

To  Individuals involved in 245(1) Program

Re. Paycheck Deductions / Fees moving forward

You may already be aware that effective the first paycheck in 2006, we have
discontinued paycheck deductions for the 245(1) program you are involved in
Thankfully, the bills from the prior attorneys have now been satisfied in full.

At this time, we do not expect to have any future paycheck deductions. Instead, as we
indicated in our previous letter to you, all future bills will be sent from the attorney
directly to you individually for your specific cases. Attached to this cover sheet, you will
find the first of these invoices.

We have agreed to partner with the attorney in getting these bills to you, but it is your
responsibility to pay the attorney directly and to do so in a timely manner.  If you have
any questions about the specific charges, please contact the attorney directly at the
number provided on the invoice.

Thanks in advance for your cooperation.

Sincerely,


Cafe Express Human Resources





Fecha  Enero 9, 2006

Para  Empleados implicado en el Programa 245i de Inmigracion

Sobre: Deducciones de el cheque de pago/ Dinero pagado para el abogado adelante

Ustedes pueden ver que effective en el primero cheque de 2006, la compania ya no saca
dinero para los abogados de inmigracion. La cuenta de los abogados viejo esta pagado
completamente y no tenemos que sacar dinero de tu cheque en el futuro.

Pero, come la compania dijo en la letra previo, todo las cargas y dineros debido a los
abogados nuevos estara pagado por cada empleado individual. El primero carga de los
abogados nuevos esta incluido con esta letra.

La compania acepto a ayudar los abogados mandar las cuentas a cada empleado  Es la
responsibilidad de cada empleado a pagar los abogados directamante y pronto.

Si tienes preguntas sobre cargas specifica, llama el abogado directamente en el numero en
la cuenta

Gracias port tu cooperacion en avance,


Café Express Human Resources



# BAKER DONELSON
BEARMAN CALDWELL
& BERKOWITZ, PC

COMMERCE CENTER
SUITE 1000
211 COMMERCE STREET
NASHVILLE, TENNESSEE 37201
PHONE  615 726 5600
FAX  615 726 0464
MAILING ADDRESS
P.O. BOX 190613
NASHVILLE, TENNESSEE 37219

www.bakerdonelson.com

TAX NO  62-1047356

## SUMMARY

Rohan Shearer
Cafe Express
675 Bering, Suite 600
Houston, TX  77057

December 27, 2005
Bill No  6783965
Client/Matter:  2826844 000031

DEW

Client:  Wendy's International Inc.
Matter:

| | | |
|---|---|---|
| Current Professional Services Rendered | $ | 14 00 |
| TOTAL AMOUNT DUE | $ | 14.00 |

RECYCLED®
80000 SERIES
30% P C W



**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**CITATION**

**ATTY**

**To:**
**WENDY'S INTERNATIONAL INC.**
**SERVE REGISTERED AGENT CT CORPORATION SYSTEM**
**350 N. ST. PAUL STREE**
**DALLAS, TX 75201**

No. : **DC-06-09749**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.
Said Plaintiff being **CLAUDIA GARCIA**

**ISSUED**
**on this the 20th day of September, 2006**

Filed in said Court **on this the 15th day of September, 2006** against

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

**BOYAR & MILLER PC, ETAL.**

By **Shelia Bradley,** Deputy

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the seal of said Court at office on this **20th day of September, 2006**

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

ATTEST: JIM HAMLIN
Clerk of the District Court

By _____, Deputy
**Shelia Bradley**

DALLAS COUNTY CONSTABLE

**FEES PAID**

**FEES NOT PAID**

## CAUSE NO. <u>DC-06-09749</u>

| | | |
|---|---|---|
| **CLAUDIA GARCIA** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **VS.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **BOYAR & MILLER, PC., ET AL** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>AFFIDAVIT OF SERVICE</u>

Came to hand on **Friday, September 22, 2006 at 9:00 AM,**
Executed at: **350 NORTH ST. PAUL STREET, SUITE 2900, DALLAS, TEXAS 75201**
within the county of **DALLAS** at 3:15 PM, on **Friday, September 22, 2006,**
by delivering to the within named:

### WENDY'S INTERNATIONAL, INC.

By delivering to its' **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its' **Authorized Agent, SHIRLEY DILLON**
Each, in person a true copy of this

### CITATION AND PLAINTIFFS' ORIGINAL PETITION WITH EXHIBITS

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

|   |   |
|---|---|
| | **Adil Tadli** |
| Of : | **Dallas County** |
| By : | Authorized Person - SC1206 |

Given under my hand and seal of office on this 28TH day of September, 2006.

Notary Public in and for The State of Texas



GREG BENEFIELD
Notary Public, State of Texas
My Commission Exp. 12-27-2009

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

## CITATION

No. : **DC-06-09749**

**CLAUDIA GARCIA**

**vs.**

**BOYAR & MILLER PC, ETAL**

**ISSUED**
**on this the 20th day of September,**
**2006**

To:
CAF'E EXPRESS LLC
SERVE REGISTERED AGENT CT CORPORATION SYSTEM
350 N. ST. PAUL STREE
DALLAS, TX 75201

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer
with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration
of twenty   days after you were served this citation and    petition, a default judgment may be taken
against you.    Your answer should be addressed to the clerk of the **191st District Court** at 600
Commerce Street, Dallas, Texas 75202.
Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition         , a copy of which
accompanies this citation.    If this citation is not served,  it  shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the seal of said Court at office on this **20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley**, Deputy

ATTEST: JIM HAMLIN
Clerk of the District Courts,
Dallas County, Texas.

By _____, Deputy
**Shelia Bradley**

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

## CAUSE NO. <u>DC-06-09749</u>

| | | |
|---|---|---|
| **CLAUDIA GARCIA** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff(s),** | § | |
| **VS.** | § | **191ST JUDICIAL DISTRICT** |
| | § | |
| **BOYAR & MILLER, PC., ET AL** | § | |
| | § | |
| **Defendant(s).** | § | **DALLAS COUNTY, TEXAS** |

## <u>AFFIDAVIT OF SERVICE</u>

Came to hand on **Friday, September 22, 2006 at 9:00 AM,**
Executed at: **350 NORTH ST. PAUL STREET, SUITE 2900, DALLAS, TEXAS 75201**
within the county of **DALLAS** at 3:15 PM, on **Friday, September 22, 2006,**
by delivering to the within named:

### CAF'E EXPRESS LLC

By delivering to its' **Registered Agent, CT CORPORATION SYSTEM**
By delivering to its' **Authorized Agent, SHIRLEY DILLON**
Each, in person a true copy of this

### CITATION AND PLAINTIFFS' ORIGINAL PETITION WITH EXHIBITS

having first endorsed thereon the date of the delivery.

**BEFORE ME,** the undersigned authority, on this day personally appeared **Adil Tadli** who after being duly sworn on oath states: "My name is **Adil Tadli**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I am familiar with the Texas Rules of Civil Procedure, and the Texas Practice and Remedies Codes as they apply to service of process. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Adil Tadli**
_____

Of:  **Dallas County**
_____

By:  _____
Authorized Person - SC1206

Given under my hand and seal of office on this 28TH day of September, 2006.

_Greg Benefield_
**Notary Public in and for The State of Texas**

GREG BENEFIELD
Notary Public, State of Texas
My Commission Exp. 12-27-2009

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**To:**
**E MICHELLE BOHREER**
**2777 ALAN PARKWAY SUITE 865**
**HOUSTON, TX 77019**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas

By _____
Sheila Bradley , Deputy

---

**ATTY**

# CITATION

No. : **DC-06-09749**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

**ISSUED**
**on this the 20th day of September, 2006**

By **Sheila Bradley**, Deputy

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS  COUNTY,  T E X A S |
| | § | |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| | § | |
| Defendants. | § | 191ST  JUDICIAL  DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **2777 Allen Parkway, Suite 865, Houston, Texas  77019**, within the
County of **Harris** at **3:05 o'clock P.M.** on the **22nd** day of **September, 2006**,
by delivering to the within named

**E. MICHELLE BOHREER,**

in person a true copy of this

**CITATION with  PLAINTIFF'S ORIGINAL PETITION attached,**

having first endorsed on same date of delivery.

RAUL C. RIVERA

of _____ Harris _____ County

By _____
Authorized Person #SCH1038

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is
subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C.
RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I
am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply
to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no
interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor
involving moral turpitude."

**Subscribed and sworn to before me on this** _____ day of _____, 2006.

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 07, 2010

Notary Public, State of Texas

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

# CITATION

No. : **DC-06-09749**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

To:
**TRENT L ROSENTHAL**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.   Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition      , a copy of which accompanies this citation.    If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, TX

By _____, Deputy

**ISSUED**
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Sheila Bradley,** Deputy

Attorney for Plaintiff
_____
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE





FEES PAID

FEES NOT PAID

## CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS  COUNTY,  T E X A S |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| Defendants. | § | 191ST  JUDICIAL  DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas  77027**, within the
County of **Harris** at **1:15 o'clock P.M.** on the **27th** day of **September, 2006**,
by delivering to the within named

### TRENT L. ROSENTHAL,

by delivering to his Authorized Agent, **DAVID M. BOND**,
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached

having first endorsed on same date of delivery.

RAUL C. RIVERA

of _____**Harris**_____ County

By _____
        **Authorized Person #SCH1038**

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

Subscribed and sworn to before me on this ___ day of _____,2006.

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

Notary Public, State of Texas

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**ATTY**

**To:**
**JAY WILLIAM BOYAR**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

# CITATION

No. : **DC-06-09749**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

**ISSUED**
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley**, Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas

By _____
**Shelia Bradley**
_____ , Deputy

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID

## CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| **CLAUDIA GARCIA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **DALLAS COUNTY, T E X A S** |
| | § | |
| **BOYAR & MILLER PC, ET AL.** | § | |
| | § | |
| Defendants. | § | **191ST JUDICIAL DISTRICT** |

## <u>AFFIDAVIT OF DELIVERY</u>

Came to hand on the **22nd** day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas 77027**, within the
County of **Harris** at **1:15 o'clock P.M.** on the **27th** day of **September, 2006**,
by delivering to the within named

### JAY WILLIAM BOYAR,

by delivering to his Authorized Agent, **DAVID M. BOND**,
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached

having first endorsed on same date of delivery.

RAUL C. RIVERA

of _____ Harris _____ County

By _____
Authorized Person #SCH1038

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

Subscribed and sworn to before me on this 29th day of September, 2006.

_____
Notary Public, State of Texas

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

**CITATION**

No.: **DC-06-09749**

CLAUDIA GARCIA

**vs.**

BOYAR & MILLER PC, ETAL

**To:**

BOYAR & MILLER PC
SERVE REGISTERED AGENT GARY W MILLER
4265 SAN FELIPE SUITE 1200
HOUSTON, TX 77027

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas

By _____ , Deputy
Shelia Bradley

**ISSUED**
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley**, Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID

CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS  COUNTY,  T E X A S |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| | § | |
| Defendants. | § | 191ST  JUDICIAL  DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas  77027**, within the
County of **Harris** at **1:35 o'clock P.M.** on the 22nd day of **September, 2006**,
by delivering to the within named

### BOYAR & MILLER PC,

By delivering to its Registered Agent, **GARY W. MILLER**,
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

_____ **JOSHUA DUNAWAY** _____

**of** _____**Harris**_____County

**By** _____
        **Authorized Person #SCH0431**

On this day personally appeared **JOSHUA DUNAWAY**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **JOSHUA DUNAWAY**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Subscribed and sworn to before me on this** 25th **day of** September **, 2006.**

_____
**Notary Public, State of Texas**

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

## CITATION

To:
**AUGUSTA FOODS LLC**
**SERVE REGISTERED AGENT STEPHEN D LERNER**
**109 N. POST OAK LANE SUITE 200**
**HOUSTON, TX 77024**

No. : **DC-06-09749**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

**ISSUED**
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley**, Deputy

ATTEST: JIM HAMLIN
Clerk of the District Court of Dallas County, Texas

By Shelia Bradley

, Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

CAUSE NO. DC-06-09749

| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS  COUNTY,  T E X A S |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| | § | |
| Defendants. | § | 191ST  JUDICIAL  DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the **22nd** day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **109 N. Post Oak Lane, Suite 200, Houston, Texas  77024**, within the
County of **Harris** at **2:15 o'clock P.M.** on the **22nd** day of **September, 2006**,
by delivering to the within named

### AUGUSTA FOODS LLC,

By delivering to its Registered Agent, **STEPHEN D. LERNER**,
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

_____
RAUL C. RIVERA

of _____Harris_____County

By _____
Authorized Person #SCH1038

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

Subscribed and sworn to before me on this 26th day of September, 2006.

_____
Notary Public, State of Texas

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

## FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

**CITATION**

To:
**CHRIS HANSLICK**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

No. : **DC-06-09749**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On **PROFESSIONAL LIABILITY** etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

**ISSUED**
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley, Deputy**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas



By _____ , Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY ON FILE

FEES
PAID

FEES NOT
PAID

CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS COUNTY, T E X A S |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| | § | |
| Defendants. | § | 191ST  JUDICIAL  DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas  77027**, within the
County of **Harris** at **1:15 o'clock P.M.** on the 27th day of **September, 2006**,
by delivering to the within named

### CHRIS HANSLICK,

by delivering to his Authorized Agent, **DAVID M. BOND**,
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

RAUL C. RIVERA

of _____Harris_____County

By _____
Authorized Person #SCH1038

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

Subscribed and sworn to before me on this 29th day of September, 2006.

_____
Notary Public, State of Texas

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**To:**
TIMOTHY J HEINRICH
4265 SAN FELIPE STREET SUITE 1200
HOUSTON, TX 77027-2917

**GREETINGS:**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL.**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas

By _____ , Deputy

_Shelia Bradley_

---

**ATTY**

# CITATION

No. : **DC-06-09749**

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

ISSUED
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley,** Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

## CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS COUNTY, T E X A S |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| Defendants. | § | 191ST   JUDICIAL   DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas 77027**, within the
County of **Harris** at **1:30 o'clock P.M.** on the **22nd** day of **September, 2006**,
by delivering to the within named

### TIMOTHY J. HEINRICH,

in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached

having first endorsed on same date of delivery.

                                    JOSHUA DUNAWAY

of _____**Harris**_____County

By _____
            Authorized Person #SCH0431

On this day personally appeared **JOSHUA DUNAWAY**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **JOSHUA DUNAWAY**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Subscribed and sworn to before me on this** 25th **day of** September **, 2006.**

DELYN NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

_____
Notary Public, State of Texas

# FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

## CITATION

To:

**GARY W MILLER**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

No. : **DC-06-09749**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and       petition, a default judgment may be taken against you.   Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

**CLAUDIA GARCIA**
_vs._
**BOYAR & MILLER PC, ETAL**

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**ISSUED**
**on this the 20th day of September, 2006**

**BOYAR & MILLER PC, ETAL**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows: Suit On PROFESSIONAL LIABILITY etc. as shown on said petition       , a copy of which accompanies this citation.   If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.

By **Shelia Bradley,** Deputy

Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas County, Texas.



By _____
, Deputy

Attorney for Plaintiff
**STANLEY BROOME**
**105 DECKER COURT SUITE 850**
**IRVING TX 75062**
**(214) 267-9300**

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| | § | |
| Defendants. | § | 191ST JUDICIAL DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006, at 9:30 o'clock A.M.,**
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas 77027,** within the
County of **Harris** at **1:35 o'clock P.M.** on the 22nd day of **September, 2006,**
by delivering to the within named

**GARY W. MILLER,**

in person a true copy of this

**CITATION with PLAINTIFF'S ORIGINAL PETITION attached,**

having first endorsed on same date of delivery.

**JOSHUA DUNAWAY**

of _____**Harris**_____County

By _____
Authorized Person #SCH0431

On this day personally appeared **JOSHUA DUNAWAY**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **JOSHUA DUNAWAY**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Subscribed and sworn to before me on this** 25th **day of** September **, 2006.**

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

Notary Public, State of Texas

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**ATTY**

# CITATION

No. : **DC-06-09749**

**To:**
DAVID M BOND
4265 SAN FELIPE STREET SUITE 1200
HOUSTON, TX 77027-2917

**CLAUDIA GARCIA**

**vs.**

**BOYAR & MILLER PC, ETAL**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty   days after you were served this citation and             petition, a default judgment may be taken against you.   Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

**ISSUED**
**on this the 20th day of September, 2006**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition             , a copy of which accompanies this citation.   If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

**By Shelia Bradley,** Deputy

ATTEST: JIM HAMLIN
Clerk of the District Courts, Dallas County, Texas

By _____ Deputy
Shelia Bradley

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE

FEES PAID

FEES NOT PAID

## CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| **CLAUDIA GARCIA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| **VS.** | § | **DALLAS COUNTY, T E X A S** |
| | § | |
| | § | |
| **BOYAR & MILLER PC, ET AL.** | § | |
| | § | |
| Defendants. | § | **191ST   JUDICIAL   DISTRICT** |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**, Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas 77027**, within the County of **Harris** at **1:15 o'clock P.M.** on the 27th day of **September, 2006**, by delivering to the within named

### DAVID M. BOND,

in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

RAUL C. RIVERA

of _____Harris_____ County

By _____

**Authorized Person #SCH1038**


On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Subscribed and sworn to before me on this** 29th **day of** September **, 2006.**

DELYNE NUÑEZ
Notary Public, State of Texas
My Commission Expires
April 24/2010

_____
Notary Public, State of Texas

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**ATTY**

# CITATION

No. : **DC-06-09749**

**CLAUDIA GARCIA**

**vs.**

**BOYAR & MILLER PC, ETAL**

**To:**
**LEE A COLLINS**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition , a copy of which
accompanies this citation. If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas.

By_____, Texas
**Shelia Bradley**

_____ , Deputy

**ISSUED**
**on this the 20th day of September,**
**2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley**, Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE
FEES NOT PAID

CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS  COUNTY,  T E X A S |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| | § | |
| Defendants. | § | 191ST  JUDICIAL  DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006, at 9:30 o'clock A.M.,**
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas  77027,** within the
County of **Harris** at **1:15 o'clock P.M.** on the 27th day of **September, 2006,**
by delivering to the within named

### LEE A. COLLINS,

by delivering to his Authorized Agent, **DAVID M. BOND,**
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

**RAUL C. RIVERA**

of _____Harris_____County

By _____

**Authorized Person #SCH1038**

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

Subscribed and sworn to before me on this 20th day of September, 2006.

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

Notary Public, State of Texas

FORM NO. 353-3 - CITATION

# THE STATE OF TEXAS

**To:**
**STEPHEN L JOHNSON**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.   Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition   , a copy of which accompanies this citation.   If this citation is not served, it shall be returned unexecuted.
WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.
Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County Texas

By _____ , Deputy
**Sheila Bradley**

---

# CITATION

No. : **DC-06-09749**

_____

**CLAUDIA GARCIA**
**vs.**
**BOYAR & MILLER PC, ETAL**

_____

ISSUED
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Sheila Bradley,** Deputy

Attorney for Plaintiff
STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE

FEES
PAID

FEES NOT
PAID

## CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS   COUNTY,   T E X A S |
| | § | |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| Defendants. | § | 191ST   JUDICIAL   DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the **22nd** day of **September, 2006**, at **9:30 o'clock A.M.**,
Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas  77027**, within the
County of **Harris** at **1:15 o'clock P.M.** on the **27th** day of **September, 2006**,
by delivering to the within named

### STEPHEN L. JOHNSON,

by delivering to his Authorized Agent, **DAVID M. BOND**,
in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

**RAUL C. RIVERA**

of _____ **Harris** _____ County

By _____

Authorized Person #SCH1038

On this day personally appeared **RAUL C. RIVERA**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **RAUL C. RIVERA**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Subscribed and sworn to before me on this** _____ **day of** _____, **2006.**

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

_____
Notary Public, State of Texas

**FORM NO. 353-3 - CITATION**

# THE STATE OF TEXAS

**ATTY**

# CITATION

No. : **DC-06-09749**

**CLAUDIA GARCIA**

**vs.**

**BOYAR & MILLER PC, ETAL**

---

**To:**

**STEVEN D KESTEN**
**4265 SAN FELIPE STREET SUITE 1200**
**HOUSTON, TX 77027-2917**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **191st District Court** at 600 Commerce Street, Dallas, Texas 75202.

Said Plaintiff being **CLAUDIA GARCIA**

Filed in said Court **on this the 15th day of September, 2006** against

**BOYAR & MILLER PC, ETAL**

For suit, said suit being numbered **DC-06-09749**, the nature of which demand is as follows:
Suit On PROFESSIONAL LIABILITY etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: JIM HAMLIN, Clerk of the District Courts of Dallas, County Texas.

Given under my name and the Seal of said Court at office on this **20th day of September, 2006**

ATTEST: JIM HAMLIN
Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy

**ISSUED**
**on this the 20th day of September, 2006**

JIM HAMLIN
Clerk District Courts,
Dallas County, Texas

By **Shelia Bradley,** Deputy

Attorney for Plaintiff

STANLEY BROOME
105 DECKER COURT, SUITE 850
IRVING, TEXAS 75062
214-574-7500 TELEPHONE

DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

CAUSE NO. DC-06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | DALLAS  COUNTY,  T E X A S |
| | § | |
| | § | |
| BOYAR & MILLER PC, ET AL. | § | |
| Defendants. | § | 191ST   JUDICIAL   DISTRICT |

## AFFIDAVIT OF DELIVERY

Came to hand on the 22nd day of **September, 2006**, at **9:30 o'clock A.M.**, Executed at **4265 San Felipe Street, Suite 1200, Houston, Texas  77027**, within the County of **Harris** at **1:33 o'clock P.M.** on the 22nd day of **September, 2006**, by delivering to the within named

### STEVEN D. KESTEN,

in person a true copy of this

### CITATION with PLAINTIFF'S ORIGINAL PETITION attached,

having first endorsed on same date of delivery.

**JOSHUA DUNAWAY**

of _____**Harris**_____County

By _____
          Authorized Person #SCH0431


On this day personally appeared **JOSHUA DUNAWAY**, known to me to be the person whose name is subscribed on the foregoing instrument and who has stated under oath: "My name is **JOSHUA DUNAWAY**. I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude."

**Subscribed and sworn to before me on this** 25th **day of** September, **2006.**

DELYNE NUNEZ
Notary Public, State of Texas
My Commission Expires
April 04, 2010

Notary Public, State of Texas



FILED
2006 SEP 15  PM 4: 42

DISTRICT CLERK
DALLAS COUNTY TEXAS
DEPUTY

JIM HAMLIN
DALLAS COUNTY DISTRICT CLERK

CAUSE NO. 06 - 09749

Claudia Garcia                    *    IN THE DISTRICT COURT
PLAINTIFF                         *
                                 *
VS                               *    191st JUDICIAL DISTRICT
                                 *
Boyar & Miller, PC et al         *
DEFENDANT                        *    DALLAS COUNTY, TEXAS

## ENTER DEMAND FOR JURY

JURY FEE PAID BY:

~~PLAINTIFF~~    /    DEFENDANT

FEE PAID:  $ 30.00

RECORDED IN VOLUME 323    PAGE 119



SCANNED

Filed
06 October 13 P6:20
Jim Hamlin
District Clerk
Dallas District



CAUSE NO. 06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| BOYAR & MILLER, PC; CAFÉ | § | |
| EXPRESS, LLC; WENDY'S | § | |
| INTERNATIONAL INC.; AUGUSTA | § | |
| FOODS, LLC; JAY WILLIAM BOYAR; | § | J-191st JUDICIAL DISTRICT |
| DAVID M. BOND; GARY W. MILLER; | § | |
| TIMOTHY J. HEINRICH; STEVEN | § | |
| D. KESTEN; STEPHEN L. JOHNSON; | § | |
| TRENT L. ROSENTHAL; LEE A. | § | |
| COLLINS; CHRIS HANSLICK; E. | § | |
| MICHELLE BOHREER; and BAKER, | § | |
| DONELSON, BEARMAN, CALDWELL | § | |
| & BEARKOWITZ, P.C., | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ANSWER OF AUGUSTA FOODS, LLC
## TO PLAINTIFF'S ORIGINAL PETITION

Pursuant to Tex. R. Civ. P. 92, Augusta Foods, LLC generally denies the allegations in

Plaintiff's Original Petition and requires that Plaintiff prove her allegations by a preponderance

of the evidence as required by the Constitution and laws of the State of Texas.

Defendant Augusta Foods, LLC specifically reserves its right to assert such other and

further defenses as it deems necessary.

Accordingly, Defendant Augusta Foods, LLC asks the Court to enter a take nothing

judgment dismissing this case with prejudice, and awarding Defendant Augusta Foods, LLC

their reasonable and necessary attorney's fees, costs of court, and all other relief to which it is

entitled.

Respectfully submitted,

SMYSER KAPLAN & VESELKA, L.L.P.

Craig Smyser
State Bar No. 18777575
Larry R. Veselka
State Bar No. 20555400
700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 221-2300
(713) 221-2320 (fax)

ATTORNEYS FOR DEFENDANT
AUGUSTA FOODS, LLC.

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October, 2006, I served a true and correct copy of the foregoing ANSWER OF AUGUSTA FOODS, LLC TO PLAINTIFF'S ORIGINAL PETITION by certified mail, return receipt requested to:

Stanley D. Broome
Matthew W. Bobo
HOWIE, BROOME & BOBO, LLP
105 Decker Court, Suite 850
Irving, Texas 75062

Jaime Barron
JAIME BARRON, P.C.
5425 Maple Avenue, Suite 114
Dallas, Texas 75235

CRAIG SMYSER

2

# BARKER ▮ LYMAN

## TWINING ▮ WEINBERG ▮ FERRELL

### A Professional Corporation
#### ATTORNEYS AT LAW

DIANA WILLIAMS

2006 OCT 13 AM 9:32

HAMILIN
CLERK
TEXAS
DEPUTY

KARRI J. WEBB

kwebb@BarkerLyman.com

October 12, 2006

Mr. Jim Hamilin
District Clerk
1st Floor, George L. Allen, Sr. Courts Bldg.
600 Commerce St.
Dallas, TX 75202-4606

RE:  No. 06-09749; Claudia Garcia v. Boyar & Miller, PC; Café Express, LLC;
Wendy's International, Inc.; Augusta Foods, LLC; Jay William Boyar; David
M. Bond; Gary W. Miller; Timothy J. Heinrich; Steven D. Kesten; Stephen L.
Johnson; Trent L. Rosenthal; Lee A. Collins; Chris Hanslick; E. Michelle
Bohreer; and Baker, Donelson, Bearman, Caldwell & Bearkowitz, P.C.; In the
H-116th Judicial District Court of Dallas County, Texas

Dear Mr. Hamilin:

Enclosed for filing in the referenced matter are the original and one copy of
Defendant E. Michelle Bohreer's Motion to Transfer Venue and Original Answer Subject
Thereto. Please acknowledge your filing by placing your file stamp on the extra copy and
returning same to the undersigned.

Thank you for your assistance.

Very sincerely yours,

Karri J. Webb

KJW/jcj
Enclosure
#8: 32575-04017
cc:    Mr. Jaime Barron
       Jaime Barron, P.C.
       5415 Maple Ave., Suite 114
       Dallas, TX 75235

Mr. Jim Hamilin
October 12, 2006
Page 2

cc:    Mr. Matthew W. Bobo
       Howie, Broome & Bobo, LLP
       105 Decker Court, Ste. 850
       Irving, TX  75062

       Mr. Stanley D. Broome
       Howie, Broome & Bobo, LLP
       105 Decker Court, Ste. 850
       Irving, TX  75062





NO. 06-09749

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| BOYAR & MILLER, PC; CAFE EXPRESS, | § | |
| LLC; WENDY'S INTERNATIONAL, INC.; | § | |
| AUGUSTA FOODS, LLC; JAY WILLIAM | § | |
| BOYAR, DAVID M. BOND; GARY W. | § | |
| MILLER; TIMOTHY J. HEINRICH; | § | 191st JUDICIAL DISTRICT |
| STEVEN D. KESTEN; STEPHEN L. | § | |
| JOHNSON; TRENT L. ROSENTHAL; | § | |
| LEE A. COLLINS; CHRIS HANSLICK; | § | |
| E. MICHELLE BOHREER; and | § | |
| BAKER, DONELSON, BEARMAN, | § | |
| CALDWELL & BEARKOWITZ, P.C. | § | DALLAS COUNTY, TEXAS |

### DEFENDANT E. MICHELLE BOHREER'S
### MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER SUBJECT THERETO

TO THE HONORABLE COURT:

E. Michelle Bohreer, Defendant in the above-captioned lawsuit, files this Motion To Transfer Venue pursuant to Rule 86 of the Texas Rules of Civil Procedure and pursuant to Chapter15 of the Texas Civil Practice & Remedies Code (Vernon 1995), and Original Answer to Plaintiff's Original Petition, subject to the Motion to Transfer Venue, and in support of such motion and for such answer would respectfully show unto the Court the following:

### MOTION TO TRANSFER VENUE

I.

Pursuant to Rule 87 of the Texas Rules of Civil Procedure, Defendant specifically denies that she regularly conducts business in Dallas County, Texas. Defendant further specifically denies that all or a part of the causes of action alleged by Plaintiff arose in Dallas County, Texas, and that the owners of the restaurants for which Plaintiff was

allegedly working resided in Dallas County, Texas, or controlled the restaurants while in Dallas County, Texas. Further, Defendant specifically denies that 1) Defendants entered into contracts with Claudia Garcia in Dallas County, Texas or any other county; 2) that Claudia Garcia resided in Dallas County, Texas, at the times alleged in Plaintiff's Petition; or 3) that any attorney-client relationship was formed in Dallas County, Texas or any other county between Plaintiff and Defendant.

Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, a suit shall be brought in the county in which "all or a substantial part of the events or omissions giving rise to the claim occurred." The alleged incident(s) made the basis of this suit did not occur in Dallas County, Texas. As demonstrated by the Affidavit of E. Michelle Bohreer, attached hereto as Exhibit "A" and incorporated herein as if set out in full, at the time the alleged cause of action is alleged to have accrued and at all other times relevant to the claims alleged in this suit, Defendant was a shareholder in the Houston law firm of Boyar & Miller, P.C., which maintains only one office for the practice of law in the state of Texas, located in Harris County, Texas. Further, and as demonstrated by the Affidavit of E. Michelle Bohreer, attached hereto as Exhibit "A", Defendant did not file any lawsuits or administrative proceedings, other legal documents, perform any act or offer any legal advice in Dallas County, Texas on behalf of any Plaintiff in this suit. Defendant did not and does not maintain an office in Dallas County, Texas. The Affidavit of E. Michelle Bohreer, attached hereto as Exhibit "A", further establishes that Defendant has never conducted business in Dallas County, Texas with regard to any Plaintiff in this suit, made no appearances in any cases or administrative proceedings filed or pending in Dallas County, Texas and did not perform any act in Dallas County, Texas regarding any alleged event at

issue in this case. As such, venue of this suit in Dallas County, Texas, is not proper and is not supportable.

Furthermore, Pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code, a suit shall be brought in the county of defendant's residence at the time the cause of action accrued if the defendant is a natural person. As established by the Affidavit of E. Michelle Bohreer, attached hereto as Exhibit "A", at the time the alleged cause of action is alleged to have accrued and at all other times relevant to Plaintiff's claims alleged in this suit, Defendant resided in and was a resident of Harris County, Texas. As such, venue of this suit in Dallas County, Texas, is not proper and the case should be transferred to Harris County, Texas.

II.

There are no mandatory provisions under Section B of Chapter 15 of the Civil Practices and Remedies Code, which are applicable and would serve to defeat Defendant's Motion To Transfer Venue to Harris County, Texas. Venue of this suit is proper in Harris County, Texas because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas **and** Defendant was a resident of Harris County, Texas at the time the cause of action is alleged to have accrued. Thus, this suit should be transferred to a District Court of Harris County, Texas.

## **ORIGINAL ANSWER**

III.

Subject to her foregoing Motion to Transfer Venue, Defendant, E. Michelle Bohreer, denies each and every, singular and all, the allegations of Plaintiff's Petition, and says that

the allegations therein are not true, either in whole or in part, and demands strict proof thereof.

## IV.

Defendant, E. Michelle Bohreer, affirmatively denies the existence of or entering into any contract(s) with Plaintiff or that an attorney-client relationship was formed or existed between Defendant and Plaintiff.

## V.

Defendant affirmatively pleads that the Plaintiff is not entitled to recover in the capacity in which she sues and Defendant is not liable in the capacity in which she is sued. Still further, there exists a defect in the parties.

## VI.

Defendant, E. Michelle Bohreer, asserts that Plaintiff's Petition fails to state a claim upon which relief may be granted.

## VII.

Defendant, E. Michelle Bohreer, asserts that Plaintiff's allegation of fraud lacks the required specificity and particularity, such that the allegation is so vague or ambiguous that Plaintiff has failed in her burden in pleading such that Defendant cannot reasonably be required to form a responsive pleading; Defendant further asserts that such allegations fail to provide her fair notice of the claims being alleged against her and the basic issues of the controversy.

## VIII.

Defendant asserts that Plaintiff has failed to exhaust her administrative remedies, and thus, this suit is barred as a matter of law.

IX.

Plaintiff's claims and causes of action, if any, against Defendant, E. Michelle Bohreer, are barred, in whole, or in part, by the applicable statute of limitations.

X.

Plaintiff's alleged damages were caused by third parties not under Defendant E. Michelle Bohreer's control or right of control and which proximately and/or solely caused the alleged damages.

XI.

For further answer, Defendant, E. Michelle Bohreer, pleads the provisions and defenses contained in Chapter 33 of the Texas Civil Practice and Remedies Code, including but not limited to that Plaintiff is contributorily negligent and has failed to mitigate her damages.

WHEREFORE, PREMISES CONSIDERED, Defendant, E. Michelle Bohreer, prays that the Court sustain this Motion To Transfer Venue and transfer this cause of action to Harris County, Texas, and that Plaintiff take nothing by this suit, and that Defendant, E. Michelle Bohreer, go hence without day and with her costs.

Respectfully submitted,

Gregg S. Weinberg
TBA No. 21084150
Karri J. Webb
TBA No. 21041100
BARKER, LYMAN, TWINING,
WEINBERG & FERRELL, P.C.
3600 One Houston Center
1221 McKinney Street
Houston, Texas 77010
Fax:  713-652-2419
Phone:  713-759-1990

Attorneys for Defendant
E. Michelle Bohreer

OF COUNSEL:

B. TODD WRIGHT
TBN No. 00791957
1804 Decatur
Houston, Texas 77007

<u>Certificate of Service</u>

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by facsimile, certified mail, return receipt requested, and/or by messenger on the ___12TH___ day of October, 2006.

Gregg S. Weinberg
Karri J. Webb

-6-

**EXHIBIT "A"**

**DEFENDANT E. MICHELLE BOHREER'S AFFIDAVIT
IN SUPPORT OF MOTION TO TRANSFER VENUE**

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, on this day personally appeared E. MICHELLE BOHREER, who being by me duly sworn, deposed as follows:

"My name is E. Michelle Bohreer, and I am over 18 years of age, am of sound mind, am qualified and competent in all respects to make this affidavit in support of Defendant's Motion To Transfer Venue. I am an attorney licensed to practice law in the State of Texas. Prior March 6, 2006, I was a shareholder in Boyar & Miller, P.C., a law firm in Houston, Texas. I have personal knowledge of every statement contained herein and every statement contained herein is true and correct.

At all material times and at the institution of this suit, my residence address was and is in Harris County, Texas.

While I was a shareholder in the Houston law firm of Boyar & Miller, P.C., I never performed any act constituting the practice of law in Dallas County, Texas on behalf of any Plaintiff herein. I have never given legal advice, nor filed any lawsuits or administrative proceedings or other legal documentation in Dallas County, Texas on behalf of any Plaintiff herein, nor did I make any appearances in any cases or administrative hearings or matters filed or pending in Dallas County, Texas and did not perform any act in Dallas County, Texas regarding any alleged event made the basis of

Plaintiff's claims in this case.   I have never maintained an office in Dallas County,

Texas.

At all times material to the claims made the basis of Plaintiff's suit, and

specifically on the date of the filing of Plaintiff's suit, I resided in Houston, Harris County,

Texas"

FURTHER AFFIANT SAYETH NOT.

E. MICHELLE BOHREER

SUBSCRIBED AND SWORN TO BEFORE ME on this the 11th day of October,
2006, to certify which, witness my hand and seal of office.

CECILIA D. SANCHEZ
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 26, 2009

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

My Commission Expires:
Oct. 26, 2009

## VERIFICATION

STATE OF TEXAS      §
                            §

COUNTY OF HARRIS    §

       BEFORE ME, the undersigned authority, on this day, personally appeared E.

MICHELLE BOHREER, known to me, who, being by me first duly sworn, did depose

upon her oath and state that the allegations in Paragraphs IV and V of the foregoing

Defendant, E. Michelle Bohreer's Original Answer, subject to the Motion to Transfer

Venue to Harris County, Texas, are true and correct.

                                     _____
                                     E. MICHELLE BOHREER

       SUBSCRIBED AND SWORN to before me on this the 11th day of October, 2006, to certify which witness my hand and seal of office.

CECILIA D. SANCHEZ
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 26, 2009

                       _____
                       NOTARY PUBLIC IN AND FOR
                       THE STATE OF TEXAS

My commission expires:

Oct. 26, 2009

80000 SERIES
30% P C W

CAUSE NO. 06-09749

| | |
|---|---|
| CLAUDIA GARCIA | 191st DISTRICT COURT |
| | DALLAS COUNTY, TEXAS |
| vs. | |
| | [Judge Catharina Haynes] |
| BOYAR & MILLER, PC; | |
| CAFÉ EXPRESS, LLC; | |
| WENDY'S INTERNATIONAL, INC.; | |
| AUGUSTA FOODS, LLC; | |
| JAY WILLIAM BOYAR; | |
| DAVID M. BOND; | |
| GARY W. MILLER; | |
| TIMOTHY J. HEINRICH; | |
| STEVEN D. KESTEN; | |
| STEPHEN L. JOHNSON; | |
| TRENT L. ROSENTHAL; | |
| LEE A. COLLINS; | |
| CHRIS HANSLICK; | |
| E. MICHELLE BOHREER; and | |
| BAKER, DONELSON, BEARMAN, | |
|     CALDWELL & BEARKOWITZ, P.C. | |

## ORIGINAL ANSWER OF BOYAR & MILLER, P.C., JAY WILLIAM BOYAR, DAVID M. BOND, GARY W. MILLER, TIMOTHY J. HEINRICH, STEVEN D. KESTEN, STEPHEN L. JOHNSON, TRENT L. ROSENTHAL, LEE A. COLLINS AND CHRIS HANSLICK

Defendants Boyar & Miller, P.C., Jay William Boyar, David M. Bond, Gary W. Miller, Timothy J. Heinrich, Steven D. Kesten, Stephen L. Johnson, Trent L. Rosenthal, Lee A. Collins and Chris Hanslik[1] (collectively the "Defendants") file their Original Answer, pleading as follows:

---

[1] Plaintiff has misnamed Chris Hanslik as "Chris Hanslick."

## I.     GENERAL DENIAL

1.     Defendants deny all of the material allegations of Plaintiff's Original Petition, TEX. R. CIV. P. 92, and request that Plaintiff be required to prove the claims against them by a preponderance of the evidence as required by Texas law.

## II.     SPECIFIC DENIALS, AFFIRMATIVE DEFENSES, AND OTHER DEFENSIVE MATTERS

2.     There was no contractual privity or attorney-client relationship between Plaintiff and Defendants.

3.     Plaintiff's claims fail in whole or in part because Texas does not recognize the "lost chance doctrine."

4.     Plaintiff has failed to mitigate her damages, if any.

5.     Plaintiff's claims are barred in whole or in part by the doctrines of *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), and *Hoffman Plastics Compounds, Inc. v. N.L.R.B.*, 122 S. Ct. 1275 (2002), and by the *in pari delicto* doctrine.

6.     Plaintiff's claims are barred in whole or in part by the failure to exhaust administrative remedies.

7.     Plaintiff's claims are barred in whole or in part by the statute of limitations.

8.     Plaintiff has failed to plead fraud with particularity.

9.     Defendants invoke the inferential-rebuttal doctrines of sole proximate cause and new and independent cause.

10.     Plaintiff's damages, if any, were caused in whole or in part by the conduct of other persons or entities not under Defendants' control, and the proportionate responsibility of those other persons or entities should be submitted to the trier of fact in accordance with the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

11.     In the event Plaintiff settles with any person, Defendants assert the right to the maximum settlement credits permitted by applicable law, including but not limited to Chapter 33 of the Texas Civil Practice and Remedies Code. Defendants also assert the right to submit the proportionate responsibility of all settling persons in accordance with the Texas Civil Practice and Remedies Code and/or any other applicable law.

12.     With respect to Plaintiff's claim for punitive damages, Defendants assert all of the procedural protections provided by Chapter 41 of the Texas Civil Practice and Remedies Code and any other applicable law.

13.     In the unlikely event Plaintiff recovers punitive damages against Defendants, Defendants assert all available constitutional limitations on such an award under the United States and Texas Constitutions, including but not limited to Article I, Section 19 of the Texas Constitution and the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

### III.   PRAYER

Defendants request judgment of the Court that Plaintiff's requested relief be denied, that Defendants recover their costs of Court, and for any other just relief.

Respectfully submitted,

By: _____
WILLIAM D. COBB, JR.
Texas Bar No. 04444150

COWLES & THOMPSON
A Professional Corporation
901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

ATTORNEYS FOR DEFENDANTS
BOYAR & MILLER, P.C., JAY WILLIAM
BOYAR, DAVID M. BOND, GARY W.
MILLER, TIMOTHY J. HEINRICH, STEVEN
D. KESTEN, STEPHEN L. JOHNSON,
TRENT L. ROSENTHAL, LEE A. COLLINS
AND CHRIS HANSLIK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to the below named counsel of record, via certified mail, return receipt requested, on this 16th day of October, 2006.

Stanley Broome
Matthew W. Bobo
Howie, Broome & Bobo, LLP
105 Decker Court, Ste. 850
Irving, Texas 75062
*Attorney for Plaintiff*

Jaime Barron
Jaime Barron, P.C.
5415 Maple Ave., Ste. 114
Dallas, Texas 75235
*Attorney for Plaintiff*

_____
WILLIAM D. COBB, JR.

## Papania, Brenda

**From:**       eFiling@texasonline.state.tx.us
**Sent:**       Monday, October 16, 2006 9:39 AM
**To:**         Papania, Brenda
**Subject:**    Filing Trace Number ED057J015048960 has been received by the eFiling for Courts

PLEASE DO NOT REPLY TO THIS E-MAIL.

This email acknowledges that a filing with the following information was received from the
Electronic Filing Service Provider and has been transmitted successfully to eFiling for
Courts:

eFiling for Courts Received Date/Time: Monday, October 16, 2006 9:39 AM
Delivered to Court: Dallas District - Civil
Time Zone of Jurisdiction: (GMT-06:00) Central Time (US & Canada)
Trace Number:  ED057J015048960
Official Date/Time: Monday, October 16, 2006 9:39 AM
Cause Number: 06-09749
Style/Case Name:  Garcia v. Boyar & Miller
Title of Document: Garcia answer.pdf

Thank you,
eFiling for Courts

Confidentiality Notice:
The information in this email may be confidential and/or privileged.  This email is
intended to be reviewed by only the individual or organization named above.  If you are
not the intended recipient or an authorized representative of the intended recipient, you
are hereby notified that any review, dissemination, use or copying of this email and its
attachments, if any, or the information contained herein is prohibited.

1

ProDoc® eFiling - Printable Filing Details                                      Page 1 of 1

| Filed Date & Time | |
|---|---|
| **Date:** | **Time | Timezone:** |
| Monday, October 16, 2006 | 9:39 AM | Central (U.S. and Canada) |

**··· Filing Status Information ···**

Trace Number: ED057J015048960                    Court Assignment: 191st District Court
Current Status: ? Pending
Filing Status Definitions

| Fee | Est.Amount | | Payment Information | |
|---|---|---|---|---|
| **Filing Fees:** | | | **Payment Method:** Credit Card | |
| Dallas District - Civil eFiling Fee | $0.00 | | **Address:** 901 Main Street, Suite 4000 | |
| PLEADING - NO FEE | $0.00 | | Dallas, TX 75202 | |
| | | | **Credit Card Type:** Visa | |
| **ProDoc, Inc.** | | | **Card Number:** XXXX XXXX XXXX 5119 | |
| ProDoc e-Filing Fee | $1.00 | | **Cardholder Name:** Glenda K. Robinson | |
| 9.50% Sales Tax | $0.10 | | | |
| **TexasOnline Processing Fees** | | | | |
| TxO Processing Fee | $4.11 | | | |
| **Total Estimated Fees:** | **$5.21** | | | |

| Personal Information | | Filing Information |
|---|---|---|
| **Filer:** Brenda Papania | | **Case Title:** Garcia v. Boyar & Miller |
| **Attorney of Record:** William Cobb | | **Sealed Case:** No |
| **Firm or Organization:** Cowles & Thompson, P.C. | | **County Name:** Dallas |
| **Bar Number:** | | **Court Type:** District |
| **Address:** 901 Main Street | | **Court Name:** 191st District Court |
| Suite 4000 | | **Cause Number:** 06-09749 |
| Dallas, TX 75202 | | **Document Type:** PLEADING - NO FEE |
| **Phone:** (214) 672-2000 | | **Special Instructions:** |
| **Fax:** (214) 672-2020 | | |
| **Email:** bpapania@cowlesthompson.com | | |

**Document Information**

Total Pages: 4
Document Being Filed:

🗎   Garcia answer.pdf

Cowles & Thompson    10/19/2006 11:47:15 AM    PAGE 015/015    Fax Server
Case 3:06-cv-01936-O    Document 1    Filed 10/19/06    Page 97 of 115    PageID 97

Page 1 of 1

**Papania, Brenda**

**From:** update@prodocefile.com
**Sent:** Tuesday, October 17, 2006 10:11 AM
**To:** Papania, Brenda
**Subject:** Garcia Confirmation-Answer

# ProDoc eFiling

**PLEASE DO NOT REPLY TO THIS EMAIL.**
This e-mail serves as your receipt.

**Filing Information:**

| | |
|---|---|
| **Cause Number:** | 06-09749 |
| **Document Type:** | PLEADING - NO FEE |
| **Filing Attorney:** | William Cobb |
| **Style/Case Name:** | Garcia v. Boyar & Miller |
| **Sealed Document:** | No |

| | |
|---|---|
| **Filing Status:** | ✓CONFIRMATION |
| **Date of Status:** | Tuesday, October 17, 2006 10:10 AM (GMT-06:00) Central Time (US & Canada) |
| **Court Assignment:** | 191st District Court |
| **Filing Trace Number:** | ED057J015048960 |
| **Comments:** | THANKS FOR EFILING. |

*In order to have a copy of your filing, click here to download your filing:
https://www.prodocefile.com/viewFiling.aspx?f=5048960

**Filing Status Legend
✓Confirmation** - Your filing has been reviewed and accepted by the clerk.
**| Alert** - Your filing has been reviewed and rejected by the clerk.

**Payment Information:**

| | |
|---|---|
| **Payment Method:** | XXXX XXXX XXXX |
| **Amount:** | $5.21 |
| **Payment Status:** | paid |

10/17/2006

UM

CAUSE NO. 06-09749-J

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 191st JUDICIAL DISTRICT |
| | § | |
| BOYAR & MILLER, P.C.; CAFÉ EXPRESS, | § | |
| LLC; WENDY'S INTERNATIONAL, INC.; | § | |
| AUGUSTA FOODS, LLC; JAY WILLIAM | § | |
| BOYAR; DAVID M. BOND; GARY W. | § | |
| MILLER; TIMOTHY J. HEINRICH; | § | |
| STEVEN D. KESTEN; STEPHEN L. | § | |
| JOHNSON; TRENT L. ROSENTHAL; LEE | § | |
| A. COLLINS; CHRIS HANSLICK; | § | |
| E. MICHELLE BOHREER; and BAKER, | § | |
| DONELSON, BEARMAN, CALDWELL & | § | |
| BEARKOWITZ, P.C. | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANTS WENDY'S INTERNATIONAL, INC.'S
## AND CAFÉ EXPRESS LLC'S ORIGINAL ANSWER

---

Defendants Wendy's International, Inc. ("Wendy's") and Café Express LLC ("Café Express") respond to Plaintiff's Original Petition as follows:[1]

### I.  General Denial

1.      Defendants Wendy's and Café Express hereby generally deny all of the allegations of Plaintiff pursuant to Tex. R. Civ. P. 92 and demand strict proof thereof.

### II.  Affirmative Defenses

2.      Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] Defendants Wendy's and Café Express reserve the right to amend this Answer to assert additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses.

---

3.      Plaintiff's claimed injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether named or unnamed in Plaintiff's pleadings, for whose conduct Defendants Wendy's and Café Express are not responsible.

4.      Plaintiff's claims are barred in whole or in part by failure of consideration.

5.      Plaintiff's claims are barred in whole or in part by lack of consideration.

6.      Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

7.      Plaintiff's claims are barred in whole or in part by laches.

8.      Plaintiff's claims are barred in whole or in part by waiver.

9.      Plaintiff's claims are barred in whole or in part by release.

10.     Plaintiff's claims are barred in whole or in part because the Plaintiff did not make reasonable efforts to mitigate its damages.

11.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts and omissions caused or contributed to her alleged injury.

12.     Plaintiff's claims are barred in whole or in part by contributory negligence.

13.     Plaintiff's claims are barred in whole or in part by fraud.

14.     Plaintiff's claims are barred in whole or in part by fraudulent inducement.

15.     Plaintiff's claims are barred in whole or in part by illegality.

16.     Plaintiff's claims are barred in whole or in part by unclean hands.

17.     Plaintiff's claims are barred by statutes of limitation.

18.     The statutory cap set forth in Texas Civil Practices & Remedies Code Chapter 41 limits any claim for exemplary or punitive damages in this case.

19.     Plaintiff's claims for exemplary and/or punitive damages are barred, in whole or in part, to the extent they seek to violate Defendants Wendy's and Café Express's right to due process.

Plaintiff's claims for exemplary and/or punitive damages also cannot be sustained because under Texas law, an award of such damages without proof of every element beyond a reasonable doubt would violate Defendants' rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

### III.  Verified Denials

20.     Defendant Wendy's specifically alleges that there is a defect in the parties insofar as Wendy's is not a proper party to the suit.  Wendy's is not liable in the capacity in which it has been sued.

### IV.  Special Exception

21.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Defendants Wendy's and Café Express request that the Court require Plaintiff to amend the Original Petition so as to specify the maximum amount claimed.

### IV.  Denial of Conditions Precedent

22.     Not all conditions precedent have been performed respecting obligations alleged by Plaintiff.

WHEREFORE, Defendants Wendy's and Café Express request that the Court enter a judgment that Plaintiff take nothing by her claims and award Defendants Wendy's and Café Express their costs of court, and such other and further relief, both at law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

David R. McAtee
Texas Bar No. 13328000
William Church
Texas Bar No. 04248020
Keefe Bernstein
Texas Bar No. 24006839
Walter McInnis
Texas Bar No. 24046394
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201-4675
(214) 969-2800 Telephone
(214) 969-4343 Facsimile

**ATTORNEYS FOR DEFENDANTS
WENDY'S INTERNATIONAL, INC. AND
CAFÉ EXPRESS LLC**

10/13/2006  22:50   8017   522   THE UPS STORE

## VERIFICATION

STATE OF _Utah_ §
                             §
COUNTY OF _Utah_ §

Before me, the undersigned authority, on this day personally appeared Rohan Shearer, who being by me duly sworn on his oath deposed and said:

1.      My name is Rohan Shearer. I am over the age of 21, I have never been convicted of a felony or a crime involving moral turpitude, and I am otherwise competent to make this verification.

2.      I have personal knowledge of the facts stated herein and they are all true and correct.

3.      Specifically, I have reviewed Wendy's verified denial and specific allegation in its Original Answer that there is a defect in the parties insofar as Wendy's is not a proper party to the suit and that Wendy's is not liable in the capacity in which it has been sued.

Rohan Shearer

Subscribed and sworn before me on this the 14 day of October, 2006.

_Terri L. Wooton_

Notary Public in and for the State of _Utah_

NOTARY PUBLIC
TERRI L WOOTON
652 N 800 E
SPANISH FORK, UT 84660
My Commission Expires April 27, 2010
State of Utah

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants Wendy's International, Inc. and Café Express, LLC's Original Answer* has been served on Plaintiff's counsel by certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure as set forth below, on this __16__ day of October, 2006:

**Stanley D. Broome**
**Matthew W. Bobo**
HOWIE, BROOME & BOBO LLP
105 Decker Court, Suite 850
Irving, Texas 75062

**Jaime Barron**
JAIME BARRON, P.C.
5415 Maple Avenue, Suite 114
Dallas, Texas 75235

Walter McInnis

#5983552

CAUSE NO. 06-09749-J

| | | |
|---|---|---|
| CLAUDIA GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 191st JUDICIAL DISTRICT |
| | § | |
| BOYAR & MILLER, P.C.; CAFÈ EXPRESS, | § | |
| LLC; WENDY'S INTERNATIONAL, INC.; | § | |
| AUGUSTA FOODS, LLC; JAY WILLIAM | § | |
| BOYAR; DAVID M. BOND; GARY W. | § | |
| MILLER; TIMOTHY J. HEINRICH; | § | |
| STEVEN D. KESTEN; STEPHEN L. | § | |
| JOHNSON; TRENT L. ROSENTHAL; LEE | § | |
| A. COLLINS; CHRIS HANSLICK; | § | |
| E. MICHELLE BOHREER; and BAKER, | § | |
| DONELSON, BEARMAN, CALDWELL & | § | |
| BEARKOWITZ, P.C. | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

---

## DEFENDANTS WENDY'S INTERNATIONAL, INC.'S
## AND CAFÉ EXPRESS LLC'S FIRST AMENDED ANSWER

---

Defendants Wendy's International, Inc. ("Wendy's") and Café Express LLC ("Café Express") respond to Plaintiff's Original Petition as follows:[1]

### I. General Denial

1.      Defendants Wendy's and Café Express hereby generally deny all of the allegations of Plaintiff pursuant to Tex. R. Civ. P. 92 and demand strict proof thereof.

### II. Affirmative Defenses

2.      Plaintiff has failed to state a claim upon which relief may be granted.

---

[1] Defendants Wendy's and Café Express reserve the right to amend this Answer to assert additional defenses that may become apparent during the course of this lawsuit, including affirmative defenses.

---

3.      Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974, 28 U.S.C. § 1001 et seq.

4.      Plaintiff's claims fail in whole or in part because Texas does not recognize the "lost chance doctrine."

5.      Plaintiff's claims are barred in whole or in part by the doctrines of *Peeler v. Hughes & Luce*, 909 S.W.2d 494 (Tex. 1995), and *Hoffman Plastics Compounds, Inc. v. N.L.R.B.*, 535 U.S. 137 (2002), and by the *in pari delicto* doctrine.

6.      Plaintiff's claimed injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether named or unnamed in Plaintiff's pleadings, for whose conduct Defendants Wendy's and Café Express are not responsible.

7.      Plaintiff's claims are barred in whole or in part by failure of consideration.

8.      Plaintiff's claims are barred in whole or in part by lack of consideration.

9.      Plaintiff's claims are barred in whole or in part by the doctrine of equitable estoppel.

10.     Plaintiff's claims are barred in whole or in part by laches.

11.     Plaintiff's claims are barred in whole or in part by waiver.

12.     Plaintiff's claims are barred in whole or in part by release.

13.     Plaintiff's claims are barred in whole or in part because the Plaintiff did not make reasonable efforts to mitigate her damages.

14.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts and omissions caused or contributed to her alleged injury.

15.     Plaintiff's claims are barred in whole or in part by contributory negligence.

16.     Plaintiff's claims are barred in whole or in part by fraud.

17.     Plaintiff's claims are barred in whole or in part by fraudulent inducement.

---

18.   Plaintiff's claims are barred in whole or in part by illegality.

19.   Plaintiff's claims are barred in whole or in part by unclean hands.

20.   Plaintiff's claims are barred by statutes of limitation.

21.   The statutory cap set forth in Texas Civil Practices & Remedies Code Chapter 41 limits any claim for exemplary or punitive damages in this case.

22.   Plaintiff's claims for exemplary and/or punitive damages are barred, in whole or in part, to the extent they seek to violate Defendants Wendy's and Café Express's right to due process. Plaintiff's claims for exemplary and/or punitive damages also cannot be sustained because under Texas law, an award of such damages without proof of every element beyond a reasonable doubt would violate Defendants' rights under Amendments IV, V, VI, and XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution.

### III.  Verified Denials

23.   Defendant Wendy's specifically alleges that there is a defect in the parties insofar as Wendy's is not a proper party to the suit.  Wendy's is not liable in the capacity in which it has been sued.

### IV.  Special Exception

24.   Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Defendants Wendy's and Café Express request that the Court require Plaintiff to amend the Original Petition so as to specify the maximum amount claimed.

### IV.  Denial of Conditions Precedent

25.   Not all conditions precedent have been performed respecting obligations alleged by Plaintiff.

---

**DEFENDANTS' WENDY'S INTERNATIONAL, INC.'S**
**AND CAFÉ EXPRESS LLC'S FIRST AMENDED ANSWER**                                      **Page 3**

WHEREFORE, Defendants Wendy's and Café Express request that the Court enter a judgment that Plaintiff take nothing by her claims and award Defendants Wendy's and Café Express their costs of court, and such other and further relief, both at law and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

William Church
Texas Bar No. 04248020
Attorney-in-Charge

David R. McAtee
Texas Bar No. 13328000
Laura M. Franze
Texas Bar No. 07389600
William Church
Texas Bar No. 04248020
Keefe Bernstein
Texas Bar No. 24006839
Walter McInnis
Texas Bar No. 24046394
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675
(214) 969-2800 Telephone
(214) 969-4343 Facsimile

**ATTORNEYS FOR DEFENDANTS
WENDY'S INTERNATIONAL, INC. AND
CAFÉ EXPRESS LLC**

## VERIFICATION

STATE OF _Utah_ §
§
COUNTY OF _Salt Lake_ §

Before me, the undersigned authority, on this day personally appeared ROHAN SHEARER ,

who being by me duly sworn on his oath deposed and said:

1.      My name is ROHAN SHEARER. I am over the age of 21, I have never been convicted of a felony or a crime involving moral turpitude, and I am otherwise competent to make this verification.

2.      I have personal knowledge of the facts stated herein and they are all true and correct.

3.      Specifically, I have reviewed Wendy's verified denial and specific allegation in its First Amended Answer that there is a defect in the parties insofar as Wendy's is not a proper party to the suit and that Wendy's is not liable in the capacity in which it has been sued.

_____

Subscribed and sworn before me on this the ___18___ day of October, 2006.

_____
Notary Public in and for the State of _Utah_

> Notary Public
> ROBERTA HUTCHEON
> 636 Floyd Drive
> Sandy, UT 84070
> My Commission Expires
> March 3, 2008
> State of Utah

---

**DEFENDANTS WENDY'S INTERNATIONAL, INC.'S AND
CAFÉ EXPRESS LLC'S FIRST AMENDED ANSWER**                          **PAGE 5**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Defendants Wendy's International, Inc. and Café Express, LLC's First Amended Answer* has been served on counsel by certified mail, return receipt requested, in accordance with the Texas Rules of Civil Procedure as set forth below, on this ___*19*___ day of October, 2006:

**Stanley D. Broome**
**Matthew W. Bobo**
HOWIE, BROOME & BOBO LLP
105 Decker Court, Suite 850
Irving, Texas 75062

**Jaime Barron**
JAIME BARRON, P.C.
5415 Maple Avenue, Suite 114
Dallas, Texas 75235

**William D. Cobb, Jr.**
COWLES & THOMPSON
901 Main Street, Suite 4000
Dallas, Texas 75202

**Craig Smyser**
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002-2728

**Gregg S. Weinberg**
**Karri J. Webb-Oldham**
BARKER, LYMAN, TWINING, WEINBERG & FERR
1221 McKinney, 3600 One Houston Center
Houston, Texas 77010

**Sam Blair**
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Avenue, First Tennessee Building
Memphis, Tennessee 38103


Walter McInnis

#5984584
#5983552

---

RECYCLED ♻

80000 SERIES
30% P C W



# CASE SUMMARY
## CASE NO. DC-06-09749

| CLAUDIA GARCIA | § | Location: | **191st District Court** |
|---|---|---|---|
| vs. | § | Judicial | |
| BOYAR & MILLER PC | § | Officer: | **HAYNES, CATHARINA** |
| | § | Filed on: | **09/15/2006** |
| | § | | |

---

### CASE INFORMATION

Case Type: **PROFESSIONAL LIABILITY**
Sub Type: **LEGAL**

---

### PARTY INFORMATION

| | | *Lead Attorneys* | |
|---|---|---|---|
| **PLAINTIFF** | **BOYAR & MILLER PC**<br>Removed: 09/15/2006<br>DATA ENTRY ERROR | COBB, WILLIAM D | 214-672-2127 |
| | **GARCIA, CLAUDIA** | BROOME, STANLEY | 214-574-7500 |
| **DEFENDANT** | **AUGUSTA FOODS LLC** | SMYSER, CRAIG | 713-221-2300 |
| | **BAKER DONELSON BEARMAN CALDWELL &**<br>**BEARKOWITZ PC** | | |
| | **BOHREER, E MICHELLE** | WEBB-OLDHAM, KARRI<br>J | 713-759-1990 |
| | **BOND, DAVID M** | COBB, WILLIAM D | 214-672-2127 |
| | **BOYAR & MILLER PC** | COBB, WILLIAM D | 214-672-2127 |
| | **BOYAR, JAY WILLIAM** | COBB, WILLIAM D | 214-672-2127 |
| | **CAFE EXPRESS LLC** | MCINNIS, WALTER | 214-969-2800 |
| | **COLLINS, LEE A** | COBB, WILLIAM D | 214-672-2127 |
| | **HANSLICK, CHRIS** | COBB, WILLIAM D | 214-672-2127 |
| | **HEINRICH, TIMOTHY J** | COBB, WILLIAM D | 214-672-2127 |
| | **JOHNSON, STEPHEN L** | COBB, WILLIAM D | 214-672-2127 |
| | **KESTEN, STEVEN D** | COBB, WILLIAM D | 214-672-2127 |
| | **MILLER, GARY W** | COBB, WILLIAM D | 214-672-2127 |
| | **ROSENTHAL, TRENT L** | COBB, WILLIAM D | 214-672-2127 |
| | **WENDY'S INTERNATIONAL INC.** | MCINNIS, WALTER | 214-969-2800 |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 09/15/2006 | ORIGINAL PETITION (OCA) | |
| 09/15/2006 | ISSUE CITATION | |

*Printed on 10/19/2006 at 1:28 PM*

# IN THE DISTRICT COURT

# CASE SUMMARY
## CASE NO. DC-06-09749

| | | | |
|---|---|---|---|
| 09/15/2006 | ISSUE CITATION COMM OF INS OR SOS | | |
| 09/15/2006 | JURY DEMAND (OCA) | | *Vol /Book J23, Page119. 1 pages* |
| | PLAINTIFF GARCIA, CLAUDIA | | |
| 09/20/2006 | **CITATION SOS/COI/COH/HAG**<br>BAKER DONELSON BEARMAN<br>CALDWELL & BEARKOWITZ PC | unserved | |
| 09/20/2006 | **CITATION** | | |
| | BOYAR & MILLER PC | served 09/22/2006 | |
| | CAFE EXPRESS LLC | served 09/22/2006 | |
| | WENDY'S INTERNATIONAL INC. | served 09/22/2006 | |
| | AUGUSTA FOODS LLC | served 09/22/2006 | |
| | BOYAR, JAY WILLIAM | served 09/27/2006 | |
| | BOND, DAVID M | served 09/27/2006 | |
| | MILLER, GARY W | served 09/22/2006 | |
| | HEINRICH, TIMOTHY J | served 09/22/2006 | |
| | KESTEN, STEVEN D | served 09/22/2006 | |
| | JOHNSON, STEPHEN L | served 09/27/2006 | |
| | ROSENTHAL, TRENT L | served 09/27/2006 | |
| | COLLINS, LEE A | served 09/27/2006 | |
| | HANSLICK, CHRIS | served 09/27/2006 | |
| | BOHREER, E MICHELLE | served 09/22/2006 | |
| 10/13/2006 | JURY DEMAND (OCA) | | *Vol /Book J23, Page161. 1 pages* |
| | DEFENDANT BOYAR & MILLER PC,  DEFENDANT CAFE EXPRESS LLC; DEFENDANT WENDY'S INTERNATIONAL INC.; DEFENDANT AUGUSTA FOODS LLC;  DEFENDANT BOYAR, JAY WILLIAM;  DEFENDANT BOND, DAVID M,  DEFENDANT MILLER, GARY W.  DEFENDANT HEINRICH, TIMOTHY J;  DEFENDANT KESTEN, STEVEN D,  DEFENDANT JOHNSON, STEPHEN L;  DEFENDANT ROSENTHAL, TRENT L;  DEFENDANT COLLINS, LEE A;  DEFENDANT HANSLICK, CHRIS;  DEFENDANT BOHREER, E MICHELLE,  DEFENDANT BAKER DONELSON BEARMAN CALDWELL & BEARKOWITZ PC | | |
| 10/13/2006 | ORIGINAL ANSWER - GENERAL DENIAL<br>DEFENDANT BOHREER, E MICHELLE<br>*M/TRSF VENUE - E  MICHELLE BOHREER* | | |
| 10/13/2006 | ORIGINAL ANSWER - GENERAL DENIAL<br>DEFENDANT AUGUSTA FOODS LLC<br>*AUGUSTA FOODS* | | |
| 10/16/2006 | ORIGINAL ANSWER - GENERAL DENIAL<br>DEFENDANT CAFE EXPRESS LLC;  DEFENDANT WENDY'S INTERNATIONAL INC<br>*WENDY'S INTERNATIONAL; CAFE EXPRESS LLC* | | |
| 10/16/2006 | ORIGINAL ANSWER - GENERAL DENIAL<br>DEFENDANT BOYAR & MILLER PC;  DEFENDANT BOYAR, JAY WILLIAM;  DEFENDANT BOND, DAVID M;  DEFENDANT MILLER, GARY W; DEFENDANT HEINRICH, TIMOTHY J;  DEFENDANT KESTEN, STEVEN D;  DEFENDANT JOHNSON, STEPHEN L;  DEFENDANT ROSENTHAL, TRENT L;  DEFENDANT COLLINS, LEE A;  DEFENDANT HANSLICK, CHRIS<br>*DEF'S* | | |
| 10/19/2006 | AMENDED ANSWER - AMENDED GENERAL DENIAL | | |

*Printed on 10/19/2006 at 1 28 PM*

# CASE SUMMARY
## CASE NO. DC-06-09749

DEFENDANT CAFE EXPRESS LLC; DEFENDANT WENDY'S INTERNATIONAL INC.
*1ST - DEF*

| DATE | FINANCIAL INFORMATION | | |
|------|------|------|------|
| | **DEFENDANT** AUGUSTA FOODS LLC | | |
| | Total Charges | | 30.00 |
| | Total Payments and Credits | | 0 00 |
| | **Balance Due as of 10/19/2006** | | **30.00** |
| 10/16/2006 | Charge | DEFENDANT AUGUSTA FOODS LLC | 30.00 |
| | | | |
| | **PLAINTIFF** GARCIA, CLAUDIA | | |
| | Total Charges | | 371 00 |
| | Total Payments and Credits | | 371 00 |
| | **Balance Due as of 10/19/2006** | | **0.00** |
| 09/15/2006 | Charge | PLAINTIFF GARCIA, CLAUDIA | 217.00 |
| 09/15/2006 | Charge | PLAINTIFF GARCIA, CLAUDIA | 154.00 |
| 09/15/2006 | PAYMENT (CASE FEES) Receipt # 55958-2006-DCLK | PLAINTIFF GARCIA, CLAUDIA | (247.00) |
| 09/15/2006 | PAYMENT (CASE FEES) Receipt # 55959-2006-DCLK | PLAINTIFF GARCIA, CLAUDIA | (124.00) |



*Printed on 10/19/2006 at 1 28 PM*