```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

CLAUDIA GARCIA, et al.,         §
                                §
              Plaintiffs,       §
                                § Civil Action No. 3:06-CV-1936-D
VS.                             § (Consolidated with Civil Action
                                § Nos.
                                § 3:06-CV-1937-D, 3:06-CV-1938-D,
BOYAR & MILLER, P.C., et al.,   § 3:06-CV-1939-D, 3:06-CV-2177-D,
                                § 3:06-CV-2206-D; 3:06-CV-2236-D,
              Defendants.       § and 3:06-CV-2241-D)
```

## MEMORANDUM OPINION AND ORDER

Plaintiffs move to remand these consolidated cases to state court and for leave to amend. Although the court grants leave to amend, it concludes that the cases were removable under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.), and that plaintiffs have failed to establish that the court now lacks subject matter jurisdiction. The court therefore denies plaintiffs' motions to remand.

I

These are consolidated actions by plaintiffs who include present and former employees of defendant Café Express LLC ("CEL"), a restaurant created by defendant Augusta Foods, LLC ("Augusta"). Defendant Wendy's International, Inc. ("Wendy's") owns a majority stake in CEL. Plaintiffs allege that in exchange for a weekly payroll deduction, CEL, Augusta, and Wendy's (the "Restaurant defendants") agreed to arrange to file and prosecute on their

behalf Applications for Alien Employment Certification ("Applications") under The LIFE Act Amendments of 2000, 8 U.S.C. § 1255(i)(1)(B) and (C) (the "LIFE Act"). The LIFE Act enabled certain aliens to apply for an adjustment to permanent residence status, provided the Application was submitted by the April 30, 2001 deadline. *See* 8 U.S.C. § 1255(i)(1)(B) and (C). The Restaurant defendants worked with the law firms of defendants Boyar & Miller, P.C., and Baker, Donelson, Bearman, Caldwell & Berkowitz ("Attorney defendants"), to prosecute the Applications.

Plaintiffs filed several lawsuits in state court, suing on behalf of themselves and all others similarly situated. They allege that the Attorney defendants completed the Applications but failed to submit them by the filing deadline; that, despite these errors, the Restaurant defendants continued to deduct the weekly fee from their paychecks until December 2005, and did not notify plaintiffs that their Applications were in jeopardy until as late as July 2006; and that defendants are liable on one or more of the following claims: legal malpractice, breach of contract, negligence, negligent misrepresentation, unjust enrichment and restitution, conversion, breach of fiduciary duty, fraud, or intentional misrepresentation. Several other individual lawsuits were later filed on behalf of CEL employees seeking class relief. Wendy's and CEL removed the cases to federal court on the following grounds: preemption under the Employee Retirement Income Security

Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461; federal question jurisdiction, based on substantial disputed issues of federal immigration law; CAFA; and diversity of citizenship. The cases have since been consolidated in this court.

Plaintiffs move to remand and for leave to amend. They contend on essentially four grounds that these cases should be remanded. First, CAFA cannot be a basis for removal jurisdiction because, despite plaintiffs' initial request for class certification, CAFA only applies to class actions, it only applies to classes of more than 100 members, and plaintiffs cannot meet the certification requirements for a class action. Second, there is no federal question presented because the cases largely relate to a legal malpractice claim, and they are not preempted by ERISA. Third, 28 U.S.C. § 1441(b) precludes removal based on diversity of citizenship because most defendants are Texas citizens. Fourth, there is a lack of complete diversity because there are Texas-citizen plaintiffs and defendants. Because the court concludes that it has subject matter jurisdiction under CAFA, it need not address the other grounds that plaintiffs raise.

II

Before turning to the merits of plaintiffs' motions to remand, the court addresses two threshold questions.

A

The first concerns whether post-removal events can divest the

- 3 -

court of subject matter jurisdiction that existed at the time of removal. Plaintiffs maintain, *inter alia*, that CAFA does not support subject matter jurisdiction because of plaintiffs' post-removal discovery that they are unable to meet the requirements for class certification and defendants cannot establish that the class consists of more than 100 persons.

The court is not precluded from examining subsequent developments to determine whether a case must be remanded for lack of subject matter jurisdiction. By statute, remand is mandatory "[i]f at any time prior to final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, § 1447(c) "permits examination of subsequent developments to determine whether a case should be remanded." *IMFC Prof. Servs. of Fla. v. Latin Am. Home Health, Inc*., 676 F.2d 152, 157 (5th Cir. 1982) (citing *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 645-46 (5th Cir. 1978)).

Nevertheless, "under general jurisdictional . . . and removal principles, some subsequent developments in a case do not affect a court's prior-existing jurisdiction." *Id.* For example, it is well settled that a plaintiff cannot defeat removal by amending his complaint to state claim for damages below the amount-in-controversy requirement. *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Nor can a party's post-removal change in citizenship oust the court of jurisdiction. *IMFC Prof.*

*Servs.*, 676 F.2d at 157. But certain "other developments in a case will divest the court of jurisdiction." *Id.* (citing *In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d at 646-47 n.8) (addressing addition of non-diverse party)). There is no bright-line test. Instead, "[t]he specific [subsequent development] must be analyzed under general jurisdictional principles to determine whether it divests a court of its power to hear the case." *Id.* at 158.

B

The second question relates to allocation of the burden of establishing that the court has subject matter jurisdiction under CAFA and that removal was proper on that basis. Generally, the removing party and proponent of federal jurisdiction bears the burden of overcoming the presumption against jurisdiction and of establishing that removal is proper. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Any "[d]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citation omitted). As the court explains in more detail below, however, when the prima facie requirements of amount in controversy and minimal diversity under CAFA are met, the party who objects to removal based on a statutory exception must show that the exception applies. *See Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir. 2006) (addressing, *inter alia*, § 1332(d)(5)(A)).

- 5 -

Accordingly, to the extent plaintiffs move to remand these cases based on a statutory exception to CAFA jurisdiction, they bear the burden of establishing that the exception applies.

III

The court now turns to the merits of plaintiffs' motions to remand.

A

Plaintiffs maintain that the court does not have jurisdiction because CAFA only applies to class actions and no class has been, or can be, certified. They move to amend their pleadings to withdraw their request for class certification, contending they have learned through initial disclosures that it is unlikely that they will be able to meet two of the four class-action prerequisites of Fed. R. Civ. P. 23(a). Plaintiffs maintain that because only a small percentage of employees in Dallas and Houston were affected, they cannot show that the class is so numerous that joinder of all members would be impracticable. They also assert that because some plaintiffs obtained permanent residency through other means, and others have lost any chance of becoming permanent residents, they cannot meet the typicality requirement for class certification.

Plaintiffs also contend that removal is improper because, even if CAFA could apply, defendants have admitted in public statements that the putative class does not exceed the 100-member

jurisdictional minimum of CAFA.  *See* 28 U.S.C. § 1332(d)(5)(B).[1]

Defendants respond that removal is proper under CAFA based on the pleadings that were operative at the time of removal, in which plaintiffs sought to bring class actions.  They argue, *inter alia*, that plaintiffs' initial pleadings and disclosures establish that the class includes more than 100 members and meets CAFA's minimal diversity and amount in controversy requirements.  Wendy's and CEL posit that because removability is assessed at the time of removal, and because post-removal events generally cannot deprive the court of jurisdiction once it has attached, removal was proper under CAFA.  Defendants also rely on *Braud v. Transport Service Co.*, 445 F.3d 801 (5th Cir. 2006), to argue that plaintiffs should not be permitted to "manufacture a remand" merely by amending their pleadings to withdraw their request for class certification.

The Boyar & Miller defendants and defendant E. Michelle Bohreer ("Bohreer") respond similarly.  They argue that plaintiffs' post-removal decision not to seek class certification does not divest the court of removal jurisdiction acquired under CAFA, because CAFA's definition of "class action" does not include class certification as an element.  Instead, it is defined under § 1332(d)(1)(B) as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule

---

[1] 28 U.S.C. § 1332(d)(5)(B) provides that CAFA does not apply "to any class action in which the number of members of all proposed plaintiff classes in the aggregate is less than 100."

of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." They contend that plaintiffs' argument rests on the unsupportable premise that subject matter jurisdiction depends on whether a class is ultimately certified.[2]

These defendants also posit that under controlling precedent, plaintiffs bear the burden of proving the "small class" exception to CAFA removal jurisdiction—i.e. that the putative class does not exceed 100 members. They contend that plaintiffs' Rule 26 disclosures identify at least 100 or more employees who participated in the payroll deduction plan and 171 CEL employees as potential participants in the amnesty program. They maintain that this number increases significantly when family members are added. Defendants also argue that even if Wendy's and CEL spokesmen did make public statements that fewer than 100 employees had been fired or quit due to the matters complained of in the litigation, the proposed class is larger than this group. They also complain that plaintiffs are relying on inadmissible evidence.

Plaintiffs reply that, under *Giles v. NYLCare Health Plans*, 172 F.3d 332 (5th Cir. 1999), their post-removal voluntary dismissal of a class action certification request divests the court

---

[2]Defendants cite *Nesbit v. Unisys Corp.*, 2006 WL 2480071 (M.D. Ala. Aug. 25, 2006), as an example of a case removed under CAFA where a court denied class certification but did not remand the case for lack of subject matter jurisdiction.

of jurisdiction.  They question defendants' reliance on *Frazier*, 455 F.3d at 546, for the proposition that they, as the opponent of federal jurisdiction, bear the burden of proving that CAFA does not apply.  Plaintiffs posit that *Morgan v. Gay*, 471 F.3d 469 (3d Cir. 2006), establishes that it is the defendants, as the removing parties, who bear the burden of establishing that removal is proper.

B

It appears to be undisputed that the amount in controversy[3] and minimal diversity[4] requirements for CAFA removal are met. Instead, jurisdiction turns on whether the "small class" provision of § 1332(d)(5)(B) is properly characterized as a *requirement* of, or an *exception* to, CAFA jurisdiction.  If it is a jurisdictional requirement, then defendants bear the burden of proof as the removing parties and proponents of jurisdiction.  *See Howery*, 243 F.3d at 916; *Frazier*, 455 F.3d at 546.  If § 1332(d)(5)(B) is a

---

[3]In their reply brief to Wendy's and CEL's response, plaintiffs argue that the minimum jurisdictional amount for a "mass action" under CAFA cannot be met.  Ps. Dec. 23, 2006 Reply Br. 5-6. The court need not address this contention because it is not basing its jurisdictional decision on this aspect of CAFA.  Plaintiffs do not challenge the $5 million threshold required for a class action. Although the court must raise this issue on its own, *Frazier*, 455 F.3d at 545, it is facially apparent that at least more than $5 million is in controversy in the aggregate, *see id.*  If there were but 100 plaintiffs and each sought $50,000.01 in damages and attorney's fees for the serious injuries alleged in this case, the minimum jurisdictional threshold would be exceeded.

[4]CAFA requires only "minimal," as opposed to "complete," diversity of citizenship.  *See* 28 U.S.C. § 1332(d)(2).

statutory exception to CAFA jurisdiction, however, then plaintiffs bear the burden of proof as the movants and opponents of federal jurisdiction. *See Frazier*, 455 F.3d at 546 (citing *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98 (2003) (placing burden on opponent of federal jurisdiction to prove express exceptions to § 1441(a) removal jurisdiction)).

Because the Fifth Circuit has held that § 1332(d)(5)(A) is an exception to CAFA jurisdiction that plaintiffs have the burden of establishing, and has suggested that the burden is the same regarding § 1332(d)(5)(B), the court will impose on plaintiffs the burden of demonstrating that the exception of § 1332(d)(5)(B) applies.[5] In *Frazier* the Fifth Circuit reasoned that § 1332(d)(5)(A) is an exception to CAFA jurisdiction, and it affirmed the district court's decision to require the plaintiffs to establish that the exception applied. Adopting the approach of the Eleventh Circuit in *Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1164-65 (11th Cir. 2006) (addressing § 1332(d)(5) "local controversy" exception), the panel reasoned that the "longstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction buttresses the clear congressional

---

[5]Plaintiffs' reliance on *Morgan*, 471 F.3d 469, is misplaced. *Frazier,* 455 F.3d at 546, is the applicable and controlling case. *Morgan* does not address the issue of who bears the burden of proving a statutory exception, such as § 1332(d)(5)(5). *See Frazier,* 455 F.3d at 546; *Morgan*, 471 F.3d at 472 (addressing amount in controversy requirement).

intent to do the same with CAFA." *Frazier*, 455 F.3d at 546 ("We hold that plaintiffs have the burden to show the applicability of the *§§ 1332(d)(3)-(5) exceptions* when jurisdiction turns on their application." (emphasis added) (citing *Breuer*, 538 U.S. at 697-98)). *Frazier* therefore suggests that § 1332(d)(5)*(B)*, as a component of one of the exceptions set out in § 1332(d)(3)-(5), is an exception to jurisdiction that the party opposing removal must establish. Moreover, in view of *Frazier*'s holding that § 1332(d)(5)*(A)* is an exception to CAFA jurisdiction, the court sees no reason (and plaintiffs offer none) to construe differently § 1332(d)(5)*(B)*, the other element of that subsection.[6] Accordingly, the court rejects plaintiffs' contention that the "small class" exception divests the court of jurisdiction, because it concludes that they have failed to meet their burden of showing that the exception applies.

Plaintiffs contend that they qualify for the "small class" exception to CAFA removal because defendants have admitted in certain public statements that the number of individuals affected

---

[6]28 U.S.C. § 1332(d)(5) provides:

> (5) Paragraphs (2) through (4) shall not apply to any class action in which—
> (A) the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief; or
> (B) the number of members of all proposed classes in the aggregate is less than 100.

is fewer than 100. They rely solely on media reports in which national spokesmen for Wendy's and CEL stated that fewer than 100 employees had been fired or quit due to the matters complained of in the litigation. Assuming that this evidence is admissible, it appears to address a potentially different universe of persons because it treats as the number "affected" those who had been fired or had quit. This is not necessarily the class of persons (and their family members) who are potential plaintiffs here. In fact, the article that plaintiffs attach to their reply brief that quotes the spokesmen for Wendy's and CEL also contains this statement in response: "But attorneys for the immigrants estimate that the number is closer to 100, even though only 40 are named in the suits." Ps. Dec. 23, 2006 Reply Br. Ex. A. And there is other evidence in the record——including from plaintiffs' Rule 26(a)(1) disclosures——that supports the finding that well over 100 persons are potential plaintiffs.

Plaintiffs have therefore failed to carry their burden of showing that the proposed plaintiffs class encompasses fewer than 100 persons. Defendants' public statements do not alter the court's conclusion. The court thus holds that plaintiffs have failed to meet their burden of establishing that the exception provided by § 1332(d)(5)(B) to CAFA removal applies.

C

The court also rejects plaintiffs' contention that withdrawal of their request for class certification is a post-removal development that divests this court of jurisdiction. Class certification is neither a requirement for removal nor a prerequisite for federal jurisdiction under CAFA. *See* § 1332(d)(8) ("This subsection shall apply to any class action *before or after* the entry of a class certification order by the court with respect to that action." (emphasis added)). According to the plain text of the statute, CAFA removal extends to a putative class action before it is certified. Accordingly, to the extent plaintiffs seek a remand based on withdrawal of their request for class certification, the court declines to grant their motions on this basis.

D

The court now considers the related question whether plaintiffs' alleged inability to meet the prerequisites for class certification under Rule 23 defeats CAFA removal. Plaintiffs posit that CAFA does not apply because they have learned that they cannot now meet the impracticable joinder and typicality prerequisites imposed by Rule 23(a). They essentially contend that because they cannot maintain these actions as a class action under Rule 23(a), CAFA does not confer subject matter jurisdiction.

Removal under § 1332(d)(2) is not, however, dependent on

whether a class is later certified.  Section 1332(d)(2) provides that the court has original jurisdiction of certain civil actions that are class actions.  Under § 1332(d)(1)(B), the term "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  For initial removal, CAFA does not require that the putative class action meet the requirements of Rule 23(a) or that a class be successfully certified.[7]  It is only necessary that the case was filed as a class action.

Plaintiffs' contention following removal that they cannot successfully secure class certification under Rule 23(a) does not divest the court of jurisdiction.  It is a settled principle that a federal court's jurisdiction does not normally depend on the merits of a civil action.  *Fragumar Corp., N.V. v. Dunlap,* 685 F.2d 127, 128 (5th Cir. 1982) ("Federal jurisdiction exists if a complaint states a case arising under federal law, even though, on the merits, the plaintiff has no federal right. . . .  A court may have jurisdiction over a case even though the case lacks merit.").  Similarly, this court's jurisdiction under CAFA is not contingent on whether the case can be certified as a class action.  CAFA

---

[7]CAFA also permits removal, in certain circumstances, of "mass actions" that do not meet the Rule 23(a) requirements.  *See* 28 U.S.C. § 1332(11)(A).

itself certainly imposes no such requirement. It speaks in terms of removal based on how the case is filed—whether under Rule 23 or a similar state statute or rule. Moreover, it is notable that in plaintiffs' proposed amended pleadings, although they purport to eliminate their requests for class certification, they still sue on behalf of themselves and "individuals similarly situated (but not requesting class certification)." Ps. Nov. 20, 2006 Mot. Lv. Am. Ex. A; Ps. Nov. 29, 2006 Mot. Lv. Am. Ex. A, B, C, and D at 1. In other words, although plaintiffs have withdrawn their request for class certification and expressed an inability to meet the requirements of Rule 23(a), they still purport to proceed on behalf of others who are similarly situated, but are not named parties. This is insufficient to defeat CAFA removal or oust the court of jurisdiction.

The court therefore denies plaintiffs' motions to remand.[8]

IV

Plaintiffs also move for leave to amend. Defendants oppose the motions, contending that despite plaintiffs' expressed desire to avoid CAFA removal by abandoning their request for class certification, they continue to assert claims on behalf of

---

[8]Although it appears that plaintiffs' reliance on § 1441(b) is not intended to apply to removal under CAFA, the court notes that § 1441(b) is inapplicable in this context. 28 U.S.C. § 1453(b) provides that "[a] class action may be removed . . . without regard to whether any defendant is a citizen of the State in which the action is brought."

"individuals similarly situated." Defendants also argue that because removal jurisdiction is determined at the time of removal, and subsequent amendments cannot generally divest the court of jurisdiction, the court should reject plaintiffs' attempt to use the amendments to argue that the pleadings on file at the time of removal are "ineffective" for jurisdictional purposes.

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research*, Inc., 401 U.S. 321, 330 (1971). Leave to amend pleadings "shall be freely given when justice so requires." Rule 15(a). The court therefore grants plaintiffs' motions for leave to file amended complaints, but for the reasons set out above, it holds that the filing of the amended complaints will not result in remanding these cases. Plaintiffs must file their amended complaints—electronically or on paper—within five business days of the date this memorandum opinion and order is filed.

*   *   *

For the reasons stated, the court grants plaintiffs' November 20, 2006 and November 29, 2006 motions for leave to amend, and it denies plaintiffs' November 20, 2006 and December 22, 2006 motions

to remand.

**SO ORDERED.**

May 30, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE