**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CLAUDIA GARCIA, et al.<br><br>                       Plaintiffs,<br><br>-against-<br><br><br>BOYAR & MILLER, P.C., et al.<br><br>                       Defendants. | CIVIL ACTION NO. 3:06-CV-1936-D<br><br>**ECF**<br><br>Consolidated with civil action nos.<br>3:06-CV-1937-D, 3:06-CV-1938-D,<br>3:06-CV-1939-D, 3:06-CV-2177-D,<br>3:06-CV-2206-D, 3:06-CV-2236-D,<br>3:06-CV-2241-D, and 3:07-CV-0984-D. |

**DEFENDANTS WENDY'S INTERNATIONAL, INC.'S MOTION TO DISMISS,
MOTION FOR JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT**

William H. Church, Jr.
Attorney-in-Charge
Texas Bar No. 04248020

David R. McAtee, Texas Bar No. 13328000
Laura M. Franze, Texas Bar No. 07389600
William H. Church, Jr., Texas Bar No. 04248020
Keefe Bernstein, Texas Bar No. 24006839
Walter McInnis, Texas Bar No. 24046394
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas  75201-4675
(214) 969-2800 Telephone
(214) 969-4343 Facsimile

**ATTORNEYS FOR DEFENDANTS
WENDY'S INTERNATIONAL, INC.
AND CAFÉ EXPRESS LLC**

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................1

II. PLAINTIFFS' ALLEGATIONS AGAINST WENDY'S ......................................................1

III. ARGUMENT AND AUTHORITIES ..................................................................................3

    A. The Rule 12(b)(6) Motion to Dismiss Standard ......................................................3

    B. Dismissal Is Appropriate Because Wendy's Status as a Member or Manager of the LLC Does Not Make Wendy's Liable for the Acts or Omissions of the LLC. ..............................................................................................4

    C. Dismissal Is Also Appropriate Because Wendy's Did Not Become Liable for the LLC's Liabilities When It Became a Manager of the LLC. ..........................5

IV. CONCLUSION...................................................................................................................7

## TABLE OF AUTHORITIES

**CASES**

*Bell Atlantic Corp. v. Twombly*,
  -- U.S. --, U.S., No. 05-1126, 75 U.S.L.W. 4337 (May 21, 2007) ............................................. 3

*Campbell v. City of San Antonio*,
  43 F.3d 973, 975 (5th Cir. 1995) ............................................................................................... 3

*Elf Atochem North Am., Inc. v. Jaffari*,
  727 A.2d 286, 287 (Del. 1999) .................................................................................................. 4

*HWB, Inc. v. MetalPro Industries, L.L.C.*,
  2006 WL 1581329, at *2 (E.D. La. June 7, 2006) ................................................................ 5, 6

*McFarland v. Virginia Retirement Services of Chesterfield, LLC*,
  477 F. Supp. 2d. 727, 739-40 (E.D. Va. 2007) ...................................................................... 5, 7

*Pepsi-Cola Bottling Co. v. Handy*,
  2000 WL 364199, at *3 (Del. Ch. Mar. 15, 2000) ................................................................ 4, 6

*Team EJP Racing, LLP v. Dollar*,
  2006 WL 1875333 (W.D.N.C. July 5, 2006) ............................................................................ 5

**STATUTES**

6 Del. C. § 18-303(a) ..................................................................................................................... 4, 5

**RULES**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................... 3

**TREATISES**

2 James W. Moore, Moore's Federal Practice § 12.38, at 12-103 (3d ed. 2006) ............................ 3

Carter G. Bishop & Daniel S. Kleinberger, Limited Liability Companies: Tax and Business Law,
  § 6.01 Nature of Limited Liability in Limited Liability Companies (2007) ............................... 4

J. William Callison & Maureen A. Sullivan, Limited Liability Companies: A State-by-State
  Guide to Law and Practice, § 5:1 (2006 ed.) ............................................................................ 4

Defendant Wendy's International, Inc. ("Wendy's"), pursuant to Rule 12(b)(6) and (c), files this Motion to Dismiss, Motion for Judgment on the Pleadings, and Brief in Support.[1] In support thereof, Wendy's would respectfully show the Court as follows:

## I.   INTRODUCTION

The only alleged basis for Plaintiffs' suits against Wendy's is the fact that Wendy's "owns a majority stake" in Café Express, LLC. It is well-settled, however, that an owner of a limited liability company (LLC) cannot be liable simply because it "owns a majority stake" of an LLC. Owners of LLCs, who are called members, are insulated from the LLC's liabilities, just as shareholders are insulated from liability for a corporation's acts. The laws governing LLCs also provides that the managing members of an LLC are not liable for the LLC's actions. Therefore, suits against a member for acting as a member or a managing manager of an LLC are routinely dismissed.

## II.   PLAINTIFFS' ALLEGATIONS AGAINST WENDY'S

Plaintiffs are current and former employees of the Café Express restaurant chain. Their claims stem from the enactment of the LIFE Act Amendments of 2000, which allowed undocumented aliens a window of opportunity to adjust their legal status inside the United States. Pls.'Amend. Compl. ¶¶ 5 & 25. That is, an undocumented alien physically present in the United States on the date of the law's enactment could apply to adjust his status to that of an

---

[1] Wendy's is moving for a final judgment on all Plaintiffs' claims asserted in each Plaintiffs' outstanding petitions. Plaintiffs filed nine separate lawsuits in state court. Wendy's answered each of those petitions and then removed those actions to federal court. All nine lawsuits have been consolidated into this action. In November 2006, Plaintiffs moved to amend five of the petitions. On May 30, 2007, the Court granted Plaintiffs' motions, and on May 31st, Plaintiffs filed five amended petitions (Docket Numbers 53 through 57). This motion to dismiss is in response to the recently filed amended petitions. Wendy's also moves at this time for a judgment on the pleadings of the four petitions that have not been amended. Plaintiffs' claims and allegations against Wendy's are virtually identical in each of Plaintiffs' nine live pleadings. For simplicity, rather than cite to each of the nine live pleadings, Wendy's refers to all Plaintiffs' live pleadings as the "Complaints" and makes specific reference to Plaintiff Claudia

---

alien lawfully admitted for permanent residency. *Id.* ¶ 25. One of the many conditions for such relief was that an employer needed to sponsor the undocumented alien by filing an Application for Alien Employment Certification on or before April 30, 2001. *Id.* ¶¶ 1 & 25.

In early 2001, Defendant Augusta Foods, LLC, the owner of the Café Express restaurant chain at that time, agreed to sponsor the individual Plaintiffs. *Id.* ¶ 25. Augusta Foods retained defendant Boyar & Miller, a law firm, to file and prosecute the Applications. *Id.* ¶ 26. Plaintiffs allege that Boyar & Miller filed the Applications after the April 30, 2001 deadline. *Id.* ¶ 28.

Plaintiffs allege that Defendant Café Express, LLC acquired Augusta Foods in early 2002, well after the deadline either was or was not missed. *Id.* ¶ 3 n.2. Plaintiffs further allege that Wendy's "owns a majority stake in Café Express, LLC." *Id.*[2]

Other than alleging that Wendy's is a majority stakeholder of Café Express, LLC, Plaintiffs' Amended Complaint does not mention Wendy's by name and complains of no conduct that is attributable to Wendy's itself. Rather, Plaintiffs refer to Augusta Foods, LLC, Café Express, LLC and its member Wendy's as "Restaurant Defendants," alleging generally that they were all involved in the actions described in the pleading. *Id.* Even as amended, Plaintiffs' complaints are silent as to any acts taken by Wendy's.

---

Garcia's First Amended Original Petition (the "Plaintiffs' Amended Complaint"), and refers to this motion simply as its Motion to Dismiss.

[2] Although not relevant for the purposes of this Motion to Dismiss, Plaintiffs' description of Augusta Foods' acquisition of Café Express, LLC as a "corporate restructuring" is inaccurate. Café Express, LLC was formed as an entity in February 2002. The owners of Augusta Foods contributed their Café Express restaurant assets to the newly formed LLC, while Wendy's contributed cash for a minority interest in the LLC. Wendy's had no interest in the Café Express restaurant chain before its initial contribution in February 2002. Wendy's did not acquire a majority interest in the LLC until February 2004. These facts, most of which are publicly available in Wendy's SEC filings, are stated in greater detail in Café Express, LLC's Motion to Dismiss, which is being filed concurrently with this Motion. In evaluating this Motion to Dismiss, it is useful to know that Café Express, LLC did not exist at the time the deadline was allegedly missed, that Wendy's did not invest in Café Express, LLC until well after the deadline was allegedly missed, and that Wendy's did not acquire the majority interest in Café Express until some three years after the deadline was allegedly missed.

---

Plaintiffs' ten count Amended Complaint asserts claims either against the "Attorney Defendants" or against all defendants generally. *Id.* at 12-16. In other words, Café Express and Wendy's are lumped together for the exact same conduct and there are no claims asserted against Wendy's, the member of the LLC, that are not also asserted against Café Express, LLC. It is clear that Plaintiffs' only basis for bringing claims against Wendy's is Wendy's status as a member or managing member of Café Express, LLC.

### III.  ARGUMENT AND AUTHORITIES

**A.  The Rule 12(b)(6) Motion to Dismiss Standard[3]**

A complaint must be dismissed when a plaintiff's allegations fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Recently, the Supreme Court clarified that a plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, -- U.S. --, U.S., No. 05-1126, 75 U.S.L.W. 4337 (May 21, 2007). The Court noted: "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* The claims should be dismissed if the complaint does not contain either (1) direct allegations on every material point necessary to sustain a recovery or (2) allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).

---

[3] The same standard applies to both a 12(b)(6) motion to dismiss for failure to state a claims and a 12(c) motion for judgment on the pleadings. *See* 2 James W. Moore, Moore's Federal Practice § 12.38, at 12-103 (3d ed. 2006) ("[A]ny distinction between them is merely semantic because the same standard applies to motions made under either subsection.").

B.  **Dismissal Is Appropriate Because Wendy's Status as a Member or Manager of the LLC Does Not Make Wendy's Liable for the Acts or Omissions of the LLC.**

Limited liability companies are creatures of state statute and were created to provide members with protection from the company's liabilities. As one treatise explains: "One of the hallmark features of limited liability companies is the members' protection from personal liability for the LLC's debts, obligations, and liabilities." J. William Callison & Maureen A. Sullivan, Limited Liability Companies: A State-by-State Guide to Law and Practice, § 5:1 (2006 ed.). An LLC member's protection from liability is like the protection enjoyed by a shareholder of a corporation. Carter G. Bishop & Daniel S. Kleinberger, Limited Liability Companies: Tax and Business Law, § 6.01 Nature of Limited Liability in Limited Liability Companies (2007) ("Under every enabling statute, each member in a limited liability company enjoys a corporate-like liability shield.... The liability shield for an LLC member is analogous to the protections enjoyed by a shareholder in a modern corporation."); *see also Elf Atochem North Am., Inc. v. Jaffari*, 727 A.2d 286, 287 (Del. 1999) (stating that a limited liability company allows tax benefits similar to a partnership, while providing limited liability protection, much like a corporation).

Café Express, LLC is, as Plaintiffs allege, a Delaware limited liability company; therefore, Delaware's limited liability company enabling statute governs. Delaware's Limited Liability Company Act provides that "no member or manager of a limited liability company shall be obligated personally for [the] debt, obligation or liability of the limited liability company solely ***by reason of being a member or acting as a manager of the limited liability company***." 6 Del. C. § 18-303(a) (emphasis added); *see also Pepsi-Cola Bottling Co. v. Handy*, 2000 WL 364199, at *3 (Del. Ch. Mar. 15, 2000) (stating the Section 18-303(a) protects members and managers of an LLC against liability for any obligations of the LLC).

---
**DEFENDANT WENDY'S INTERNATIONAL, INC.'S MOTION TO DISMISS, MOTION FOR
JUDGMENT ON THE PLEADINGS AND BRIEF IN SUPPORT**                                        **PAGE 4**

A review of Plaintiffs' Amended Complaint shows that the Plaintiffs' basis for suing Wendy's is simply Wendy's status as a member of Defendant Café Express, LLC. That is, Wendy's is mentioned in the Amended Complaint only to identify it as a stakeholder of Café Express, LLC. The Delaware Limited Liability Company Act shields and protects LLC members from this type of liability. Plaintiffs have no viable claim against Wendy's.

C.  **Dismissal Is Also Appropriate Because Wendy's Did Not Become Liable for the LLC's Liabilities When It Became a Manager of the LLC.**

Plaintiffs' claims against Wendy's should be dismissed, even if the Complaints could be read to complain of Wendy's conduct as a manager of Café Express, LLC (which they cannot). Plaintiffs imply in a footnote to the Amended Complaint that, anything that Café Express did, Wendy's must have done or directed as a managing member of Café Express. *See* Amend. Compl. ¶ 3 n.2. Even if true, this allegation would still fail to state a viable cause of action against Wendy's.

As noted earlier, managing members of LLCs are not liable for **"*acting as a manager of the limited liability company.*"** 6 Del. C. § 18-303(a) (emphasis added). The law on the matter is quite clear: a party cannot be sued individually for the LLC's potential liabilities when that party acts as a manager of an LLC.

Indeed, courts routinely grant Rule 12(b)(6) motions to dismiss when the complaint attempts to join the LLC's manager in a suit against the LLC. *See, e.g., McFarland v. Virginia Retirement Services of Chesterfield, LLC*, 477 F. Supp. 2d. 727, 739-40 (E.D. Va. 2007); *Team EJP Racing, LLP v. Dollar*, 2006 WL 1875333 (W.D.N.C. July 5, 2006); *HWB, Inc. v. MetalPro Industries, L.L.C.*, 2006 WL 1581329, at *2 (E.D. La. June 7, 2006). To avoid a motion to dismiss, a complaint must specifically allege other acts or events showing that the manager is independently liable because it acted outside of the scope of its role as a manager of the LLC.

*See Pepsi-Cola Bottling Co. v. Handy*, 2000 WL 364199, at *3 (Del. Ch. Mar. 15, 2000). Even after amending, Plaintiffs' Complaint does not allege any such acts or events.

A recent federal district court decision illustrates why the claims against Wendy's should be dismissed. In *HWB, Inc. v. MetalPro Industries, L.L.C.*, 2006 WL 1581329, at *2 (E.D. La. June 7, 2006), the Court granted Rule 12(b)(6) motion to dismiss claims asserted against the managing member of a co-defendant LLC. The plaintiffs had sued both MetroPro Industries, LLC and its member manager, Diaz. Diaz moved to dismiss the claims against him on the basis that he was not individually liable for the acts of the LLC even though he directed those acts as the manager of the LLC. The Court agreed, holding that "a member of an LLC may be liable for his individual negligent or wrongful misconduct only if such conduct is done outside of his capacity as a member of the LLC." *Id.*

Even accepting all facts alleged as true and construing all factual allegations in the most favorable light, the *MetalPro* dismissed the claims against Diaz, the LLC's managing member, for two simple reasons. First, "Plaintiffs' complaint does not directly allege facts that Diaz acted outside of his capacity as managing member of MetalPro." *Id.* Second, "the claims which plaintiffs allege against Diaz arise from acts which plaintiffs attribute indiscriminately to "MetalPro and Diaz" or "Diaz and MetalPro"—implying that the parties acted together and failing to suggest how Diaz acted in a capacity exceeding that of MetalPro." *Id.* Consequently, Diaz's motion to dismiss was granted.

For similar reasons, Wendy's motion to dismiss should be granted. Plaintiffs' Amended Complaints do not allege that Wendy's acted outside of its capacity as member or manager of Café Express, LLC. Also, just as in *MetalPro*, the claims which Plaintiffs allege against Wendy's arise from acts which Plaintiffs themselves attribute indiscriminately to Café Express, LLC and

Wendy's as "the Restaurant Defendants"—implying that the parties acted together and failing to show that Wendy's ever acted other than as an investor in Café Express.

Since Plaintiffs have alleged nothing more than the fact that Wendy's is a stakeholder in Café Express, and since Plaintiffs have not alleged that Wendy's acted outside its capacity as a member or manager of Café Express, Plaintiffs' claims against Wendy's must be dismissed. *See McFarland v. Virginia Retirement Services of Chesterfield, LLC*, 477 F. Supp. 2d. 727, 739-40 (E.D. Va. 2007).

## IV.   CONCLUSION

Plaintiffs have failed to state a claim against Wendy's. The law is clear that Wendy's cannot be liable to Plaintiffs for simply being a member or acting as a manager of co-defendant Café Express, LLC.[4]

---

[4] In the event that this Court should refuse to dismiss with prejudice all of Plaintiffs' claims for reasons set forth in this motion, Wendy's hereby incorporates all arguments set forth in Café Express, LLC's Motion to Dismiss, which is being filed concurrently with this motion.

Respectfully submitted,

/s/ William H. Church, Jr.
William H. Church, Jr.
Attorney-in-Charge
Texas Bar No. 04248020

David R. McAtee
Texas Bar No. 13328000
Laura M. Franze
Texas Bar No. 07389600
William H. Church, Jr.
Texas Bar No. 04248020
Keefe Bernstein
Texas Bar No. 24006839
Walter McInnis
Texas Bar No. 24046394
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201-4675
(214) 969-2800 Telephone
(214) 969-4343 Facsimile

**ATTORNEYS FOR DEFENDANTS
WENDY'S INTERNATIONAL, INC. AND
CAFÉ EXPRESS LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on counsel by ECF and/or certified mail, return receipt requested, in accordance with the Rules of Civil Procedure as set forth below, on this 13th day of June, 2007:

**Stanley D. Broome**
**Matthew W. Bobo**
HOWIE, BROOME & BOBO LLP
105 Decker Court, Suite 850
Irving, Texas 75062

**Jaime Barron**
JAIME BARRON, P.C.
5415 Maple Avenue, Suite 114
Dallas, Texas 75235

**William D. Cobb, Jr.**
COWLES & THOMPSON
901 Main Street, Suite 4000
Dallas, Texas 75202

**Craig Smyser**
SMYSER KAPLAN & VESELKA, LLP
700 Louisiana Street, Suite 2300
Houston, Texas 77002-2728

**Gregg S. Weinberg**
**Karri J. Webb-Oldham**
BARKER, LYMAN, TWINING, WEINBERG & FERR
1221 McKinney, 3600 One Houston Center
Houston, Texas 77010

**Sam Blair**
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
165 Madison Avenue, First Tennessee Building
Memphis, Tennessee 38103

/s/ Walter McInnis
Walter McInnis